■ VICTOR BRANCOVEANU, Appellant, v MARIANA BRANCO-VEANU, Respondent.—In a matrimonial action in which the parties were divorced by judgment dated April 30, 1987, the plaintiff husband appeals, as limited by his brief, from so much of an order of the Supreme Court, Queens County (Nahman, J.), dated December 6, 1988, which, after a hearing, denied his motion to vacate an order of the same court, dated December 2, 1988, which granted the defendant wife's motion, *inter alia,* to hold him in contempt, upon his default in opposing the motion, and fined him $25,627.65 for failure to pay sums of money pursuant to three judgments against him, granted the defendant wife leave to enter a money judgment in the amount of $2,200 representing arrears in child support payments for the period from September 16, 1987 through September 23, 1988, granted the defendant wife leave to enter a money judgment in the amount of $16,475, as counsel fees awarded in prior judgments and orders, and awarded the defendant an additional $3,500 in counsel fees.

Ordered that the order is affirmed insofar as appealed from, with costs.

As the plaintiff herein admittedly failed to appear on the October 12, 1988, return date of the defendant's application to punish him for contempt and he admittedly also failed to appear at a subsequent court-ordered hearing on November 14, 1988, we find that he was properly found to be in default. Since he failed to offer any reasonable excuse for his failure to appear or establish any showing of legal merit, his motion to vacate the order finding him in contempt was properly denied *(see, Perellie v Crimson's Rest.,* 108 AD2d 903; *Passalacqua v Banat,* 103 AD2d 769; *County Asphalt v North Rockland Underground Corp.,* 96 AD2d 570; *Blake v City of New York,* 90 AD2d 531).

We further find that the award of counsel fees to the defendant's attorney was properly made *(see,* Domestic Relations Law § 237; *DeCabrera v Cabrera-Rosete,* 70 NY2d 879). An examination of the plaintiff's remaining contentions reveals that they are either beyond the scope of the appeal or are devoid of merit. Thompson, J. P., Eiber, Sullivan and Harwood, JJ., concur.