■ BEVERLY MERKINGER, Appellant, v JO-MI CORPORATION et al., Respondents. [704 NYS2d 514] —In an action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Nassau County (Alpert, J.), entered November 16, 1998, which, upon the granting of the defendants' motion pursuant to CPLR 4401, made at the close of evidence, to dismiss the complaint, dismissed the complaint.

Ordered that the judgment is reversed, on the law, the motion is denied, the complaint is reinstated, and the matter is remitted to the Supreme Court, Nassau County, for a new trial, with costs to abide the event.

Upon viewing the evidence in the light most favorable to the plaintiff, who is entitled to every favorable inference, there is a rational basis upon which the jury could have found for the plaintiff (*see, Rhabb v New York City Hous. Auth.*, 41 NY2d 200). Accordingly, the Supreme Court erred in dismissing the complaint. O'Brien, J. P., Joy, Florio and H. Miller, JJ., concur.

■ MICHAEL J. SACCA, Doing Business as SACCA ASSOCIATES INTERNATIONAL REAL ESTATE, et al., Appellants, v SYMBOL TECHNOLOGIES, INC., et al., Respondents. [704 NYS2d 837] —In an action, *inter alia*, to recover a real estate brokerage commission, the plaintiffs appeal from an order of the Supreme Court, Nassau County (Levitt, J.), dated February 19, 1999, which granted the defendants' respective motions to impose a sanction upon them and upon their attorneys pursuant to 22 NYCRR 130-1.1 (c) for engaging in frivolous conduct.

Ordered that the order is affirmed, with costs.

The record supports the Supreme Court's determination that the appellants engaged in frivolous conduct pursuant to 22 NYCRR 130-1.1 (c).

The appellants' remaining contention is without merit. O'Brien, J. P., Sullivan, Goldstein and H. Miller, JJ., concur.