■ JANE B. KATZ, Appellant-Respondent, v ANTHONY R. KATZ, Respondent-Appellant. COHEN GOLDSTEIN & SILPE, L. L. P., Nonparty-Respondent-Appellant. [719 NYS2d 586] —In an action for a divorce and ancillary relief, (1) the plaintiff ap-

peals, as limited by her brief, from so much of an order of the Supreme Court, Westchester County (Scancarelli, J.), entered December 14, 1999, as, *sua sponte,* imposed a sanction upon her counsel in the amount of $500 for failure to comply with a prior order of the same court dated October 13, 1999, (2) the nonparty, Cohen Goldstein & Silpe, L. L. P., cross-appeals, as limited by its brief, from so much of the same order as, *sua sponte,* imposed a sanction upon it in the amount of $500 for its failure to comply with a prior order of the same court dated October 13, 1999, and (2) the defendant separately cross-appeals from the same order.

Ordered that the appeal by the plaintiff is dismissed, without costs or disbursements, as she is not aggrieved by the portion of the order appealed from (*see,* CPLR 5511; *Scopelliti v Town of New Castle,* 92 NY2d 944); and it is further,

Ordered that the cross appeal by the defendant is dismissed, without costs or disbursements, for failure to perfect the same in accordance with the rules of this Court (*see,* 22 NYCRR 670.8 [e]); and it is further,

Ordered that on the Court's own motion, the nonparty's notice of cross appeal is treated as an application by the nonparty, Cohen Goldstein & Silpe, L. L. P., for leave to appeal, and leave to appeal is granted (*see,* CPLR 5701 [c]); and it is further,

Ordered that the order is reversed insofar as cross-appealed from by the nonparty, without costs or disbursements, and the sanction imposed upon the nonparty-respondent-appellant is vacated.

The imposition of a sanction upon the nonparty-respondent-appellant was not warranted, as it provided an acceptable excuse for failing to fully comply with the Supreme Court's preliminary conference order dated October 13, 1999. In any event, it appears that the dates set by the Supreme Court for completion of discovery were not realistic. Moreover, the date set out in the preliminary conference order was for a compliance conference, not a trial readiness conference. Thus, it was improper to proceed as if the parties had failed to be ready for trial on a date certain. Under these circumstances, the conduct of the nonparty-respondent-appellant was clearly not frivolous, a waste of judicial resources, or without basis in law, and therefore it was error to impose a sanction upon it (*see, Sacca v Symbol Technologies,* 270 AD2d 236; *Mancini v Mancini,* 269 AD2d 366).

In light of our determination, we need not reach the respondent-appellant's remaining contentions.

We note that the plaintiff's counsel did not file a notice of ap-

peal on its own behalf, and accordingly, we do not review the propriety of the Supreme Court's imposition of a sanction upon that counsel (*see, Tartaglione v Tiffany,* 275 AD2d 319). Krausman, J. P., Florio, Luciano and Schmidt, JJ., concur.