■ Floretta Green, Respondent, v Joseph N. Green, Appellant. [733 NYS2d 682] —In a matrimonial action in which the parties were divorced by judgment dated March 24, 1998, the defendant appeals from an order of the Supreme Court, Westchester County (LaCava, J.), dated December 6, 2000, which, inter alia, denied his cross motion to reject the Referee's report dated September 11, 2000, granted the plaintiff's motion to confirm the Referee's report, which recommended that he be found in contempt of court for failing to pay the distributive award provided in the judgment of divorce, directed his incarceration for a period of six months, ordered him to pay the plaintiff's attorney's fee of $7,500, and directed a hearing to determine the sanction to be imposed on the defendant's attorney pursuant to 22 NYCRR 130-2.1.

Ordered that the appeal from so much of the order as directed a hearing to determine the sanction to be imposed on the defendant's attorney pursuant to 22 NYCRR 130-2.1 is dismissed, as no appeal lies from an order directing a hearing to aid in the disposition of a motion, and as the defendant is not aggrieved by that part of the order (see, CPLR 5511; Scopelliti v Town of New Castle, 92 NY2d 944); and it is further,

Ordered that the order is modified, on the law and in the exercise of discretion, by deleting the provision directing the appellant to pay the plaintiff's attorney's fee of $7,500; as so modified, the order is affirmed insofar as reviewed, without costs or disbursements, and the matter is remitted to the Supreme Court, Westchester County, for a hearing and new

determination, in accordance herewith, as to the amount of the plaintiff's attorney's fee pursuant to Domestic Relations Law § 237 (c).

The defendant failed to argue before the Supreme Court that he could not be found in contempt of court without a full evidentiary hearing. Therefore, this argument will not be considered by this court (*see, Brown Plastics Mach. v Rolex Plastics,* 191 AD2d 537, 538). In any event, the argument lacks merit, since the defendant failed to appear at the contempt hearing and, therefore, he waived any due process right he may have had to that hearing (*see, Boddie v Connecticut,* 401 US 371, 378-379; *Lapkin v Lapkin,* 224 AD2d 199, 200). Furthermore, a party may be held in contempt upon his default in appearing at the contempt hearing and inquest (*see, Kawar v Kawar,* 231 AD2d 681, 682; *Brancoveanu v Brancoveanu,* 156 AD2d 409, 410).

The Supreme Court properly found that the plaintiff produced clear and convincing evidence of the defendant's willful failure to obey the judgment of divorce, and that the motion to hold the defendant in contempt was necessitated solely by the defendant's failure to comply with the provisions of the judgment of divorce. These findings required the Supreme Court to award the plaintiff her attorney's fee incurred in this matter (*see,* Domestic Relations Law § 237 [c]; *Beal v Beal,* 196 AD2d 471, 473; *Brancoveanu v Brancoveanu, supra,* at 411).

However, it is well settled that "[w]here attorney's fees are challenged, the opposing spouse is entitled to a hearing * * * as a 'meaningful way of testing the [attorney's] claims relative to time and value' " (*Gutin v Gutin,* 155 AD2d 586, 587 [internal quotation marks omitted], quoting *Price v Price,* 113 AD2d 299, 309). The defendant opposed the plaintiff's request for an attorney's fee. Therefore, the Supreme Court should have held an evidentiary hearing (*see, Nee v Nee,* 240 AD2d 478, 479).

The Supreme Court also erred in awarding the plaintiff an attorney's fee for time which the plaintiff's attorney anticipated would be spent in pursuing the plaintiff's share of a pension plan. This issue was not before the Supreme Court, and there was no finding that the defendant willfully failed to obey any provision of the judgment of divorce other than that relating to the sale of the defendant's business. A finding of a willful failure to obey a provision of the judgment of divorce is required before an attorney's fee may be awarded pursuant to Domestic Relations Law § 237 (c). Thus, the attorney's fee to be awarded to the plaintiff's counsel is limited to those fees incurred in the

enforcement of the provision of the judgment of divorce pertaining to the distributive award to which the plaintiff was entitled upon the defendant's sale of his business interest. Accordingly, the matter is remitted to the Supreme Court, Westchester County, for a hearing and new determination, in accordance herewith, on the amount of the attorney's fee to be awarded to the plaintiff's attorney.

The defendant's attorney did not file a notice of appeal on his own behalf. Moreover, no appeal lies from an order directing a hearing to aid in the disposition of a motion (*see, Barbarita v Shilling,* 115 AD2d 630). Therefore, we do not review the propriety of the Supreme Court's determination to hold a hearing to determine the appropriate sanction to be imposed upon him (*see, Katz v Katz,* 279 AD2d 454; *Tartaglione v Tiffany,* 275 AD2d 319).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Krausman, J. P., S. Miller, Smith and Crane, JJ., concur.