■ JOSEPH PUGLIESE, Respondent, et al., Plaintiff, v PANEORAMA ITALIAN BAKERY CORP., Defendant, and INTER-COUNTY INVESTING CORP., Defendant and Third-Party Plaintiff-Appellant-Respondent. SAL COMPISI & SONS, Third-Party Defendant-Respondent-Appellant. [735 NYS2d 797] —In an action to recover damages for personal injuries, etc., the defendant third-party plaintiff appeals, as limited by its brief, from so much of a judgment of the Supreme Court, Queens County

(Lonschein, J.), entered February 9, 2000, as, upon the granting of the motion of the third-party defendant pursuant to CPLR 4401 for judgment in its favor as a matter of law at the close of all the evidence, dismissed the third-party complaint for common-law indemnification, and the third-party defendant cross-appeals, as limited by its brief, from so much of the same judgment as, upon a jury verdict, is in favor of the injured plaintiff and against the defendant third-party plaintiff in the principal sums of $160,000 for past lost earnings and $50,000 for future medical expenses.

Ordered that the cross appeal is dismissed, without costs or disbursements, on the ground that the third-party defendant is not aggrieved by the judgment (*see,* CPLR 5511); and it is further,

Ordered that the judgment is reversed insofar as appealed from, on the law, the motion is denied, the third-party complaint is reinstated, and the matter is remitted to the Supreme Court, Queens County, for a new trial on the issue of common-law indemnification, with costs to abide the event.

The Supreme Court erred in dismissing the third-party complaint for common-law indemnification. Viewing the evidence in the light most favorable to the defendant third-party plaintiff, there is a rational basis upon which the jury could have found that the injured plaintiff was supervised and controlled by his employer, the third-party defendant, on the date of the accident (*see, Merkinger v Jo-Mi Corp.,* 270 AD2d 236). Therefore, the third-party complaint is reinstated, and the matter is remitted to the Supreme Court, Queens County, for a new trial on the issue of common-law indemnification.

We note that the award of damages to the injured plaintiff for past lost earnings and future medical expenses did not deviate materially from what would be reasonable compensation (*see,* CPLR 5501 [c]). Bracken, P. J., McGinity, Luciano and Feuerstein, JJ., concur.