In the Matter of ADAMS H., Also Known as ADAM F., a Child Alleged to be Abandoned. JAMES H., Appellant; SEAMEN's SOCIETY FOR CHILDREN AND FAMILIES, Respondent. [812 NYS2d 80]—

Order of disposition, Family Court, New York County (Susan Larabee, J.), entered on or about May 18, 2004, which terminated respondent father's parental rights upon a finding of abandonment and awarded custody and guardianship of the child to the Commissioner of Social Services of the City of New York and petitioner Seamen's Society for Children and Families for the purpose of adoption, unanimously reversed, on the law, without costs, and the petition dismissed.

We disagree with the court's finding, made at the close of the fact-finding hearing, that petitioner proved by clear and convincing evidence that respondent had abandoned the child during the six-month period prior to the filing of the petition, and accordingly reverse.

Respondent, his aunt, and the foster mother testified consistently that respondent's visits with the child occurred at the aunt's home at least one or two weekends a month during the

relevant six-month period immediately prior to the filing of the petition. This was not inconsistent with the testimony of a caseworker that the foster mother told her that respondent had made no visits with the child in the foster home. Indeed, the foster mother plainly testified that all of the visits occurred in the aunt's home. In addition, respondent testified that the child maintained daily contact with him by telephone. Accordingly, we find that petitioner failed to carry its heavy burden of establishing abandonment by clear and convincing evidence (Social Services Law § 384-b [3] [g]). We also note that respondent's failure to visit the child for two or three weeks during the relevant period because he was caring for his ill mother was justified.

Respondent's arguments that the 1½-year delay between the oral decision terminating his parental rights and the signing of the written order of disposition rendered the action abandoned or otherwise violated his due process rights are unpreserved for review. Were we to review, we would find that the delay was attributable in large part to the court's concern about the status of the child's biological mother and Mr. F., a person previously presumed to be the child's biological father, and therefore reasonable. Further, neither Uniform Rules for Family Court (22 NYCRR) § 205.15 nor Family Court Act § 217 (3) provides that failure to timely submit a written order renders the order unenforceable (*Matter of Kim Shantae M.*, 221 AD2d 199, 199 [1995]). Concur—Saxe, J.P., Friedman, Williams, Catterson and Malone, JJ.