■ JAMES W.D., Respondent, v SANDRA C., Appellant. [843 NYS2d 73]—

Order, Family Court, New York County (Helen C. Sturm, J.), entered on or about August 12, 2003, adjudging respondent mother to be in violation of a prior court order concerning visita-

tion, dated July 23, 1993, and ordering her incarcerated for a period of six months, with credit for time served, unanimously affirmed, without costs.

We reject respondent's argument that the Family Court lacked jurisdiction to punish for contempt, as her concealment of the subject child for a period of 10 years gave rise to a violation that was not otherwise statutorily remediable (*see Matter of Murray*, 98 AD2d 93, 97 [1983]).

Respondent's contention that her contempt hearing violated principles of due process and fundamental fairness is unpreserved (*see Matter of Adams H.*, 28 AD3d 213, 214 [2006]) and without merit. The statutory provisions governing the courts' contempt powers, and the associated case law, provide ample notice that the willful flouting of a court mandate can result in fines or incarceration (*see* Family Ct Act § 156; Judiciary Law § 750; *see also e.g. Department of Hous. Preserv. & Dev. of City of N.Y. v Mill Riv. Realty*, 169 AD2d 665, 670 [1991], *affd* 82 NY2d 794 [1993]). It is sufficient if, as here, the charged party is shown to have been actually aware of, and disobeyed, a clear and unequivocal court directive (*see Matter of McCormick v Axelrod*, 59 NY2d 574, 583 [1983]). While due process does require that a party charged with contempt be afforded a hearing and an opportunity to defend against the charges, that was provided here.

Respondent's claim that she was deprived of certain procedural protections during her contempt hearing does not warrant reversal. Respondent contends that it was improper for the court to draw an adverse inference from her failure to answer certain questions. While a party may not be compelled to answer questions that might adversely affect his or her criminal interest, the privilege does not relieve the party of the usual evidentiary burden attendant upon a civil proceeding (*Access Capital v DeCicco*, 302 AD2d 48, 51 [2002]). However, we need not reach the issue of whether it is permissible to draw adverse inferences in the context of a Judiciary Law criminal contempt proceeding, since the court based its conclusion on the entire record, which was replete with evidence that the mother contravened the court's 1993 visitation order.

Any alleged deficiencies in the notice and warning provisions (Judiciary Law § 756) on the face of petitioner's contempt application did not cause any undue prejudice to respondent; in light of the long history in this case of violations of visitation orders and the filing of prior contempt petitions that did contain the required statutory language, respondent was certainly on notice of the possibility of incarceration.

We have considered respondent's remaining arguments and find them unavailing. Concur—Tom, J.P., Mazzarelli, Friedman, Sullivan and Nardelli, JJ.