■ CVL REAL ESTATE HOLDING Co., LLC, Respondent, v ELI WEINSTEIN, Appellant. [903 NYS2d 36]—

Order, Supreme Court, New York County (Eileen Bransten, J.), entered April 30, 2009, which, in this action brought by a judgment creditor to collect upon an outstanding debt, granted plaintiff's motion to hold defendant in contempt and directed that a warrant be issued for his arrest, unanimously affirmed, with costs.

Following defendant's default on a certain promissory note, plaintiff creditor obtained a judgment in its favor and thereafter

served a notice of post-judgment discovery upon defendant, seeking his testimony and the production of certain documents. However, when defendant repeatedly failed to comply with the subpoenas that had been served upon him, plaintiff moved for an order directing defendant to show cause why he should not be held in contempt of court. A hearing was scheduled; defendant did not appear, but his counsel was present and the court heard arguments concerning, in part, the validity of the service upon defendant, a New Jersey resident. Following a recess for lunch, the court reviewed the material that had been provided by the respective attorneys, concluding that service had been properly made and that defendant should have come to court. Consequently, the hearing was adjourned until the next day so that defendant could appear, but when he did not, the court granted plaintiff's motion to hold him in contempt. Defendant now contends that the contempt order against him should be vacated on the ground that it was entered in violation of his right to due process.

A review of the record reveals that defendant was intent upon impeding the enforcement of plaintiff's judgment against him by failing to comply with plaintiff's disclosure demands and then refusing to present himself in court in response to plaintiff's motion to hold him in contempt. In that connection, the court determined that defendant had been properly served with the subpoenas, which he never endeavored to quash, as well as the ensuing order to show cause. Defendant did not challenge the court's determination directly and may not now do so through an appeal from the contempt order (*see Bergin v Peplowski*, 173 AD2d 1012, 1014 [1991]). Contrary to defendant's argument that he was deprived of due process of law when he was held to be in contempt of court, he received all of the process to which he was entitled (*see James W.D. v Sandra C.*, 44 AD3d 423, 424 [2007]), including two separate opportunities to appear at the hearing. By his refusal to attend, he forfeited his right to object to being found in contempt (*see id.*; *Green v Green*, 288 AD2d 436, 437 [2001]).

Under these circumstances, the motion court appropriately decided the motion for contempt upon the papers submitted. We have considered defendant's remaining arguments and find them unavailing. Concur—Andrias, J.P., Saxe, Sweeny, Nardelli and Catterson, JJ.