■ Dudley Lawrence, Respondent, v Parallel Products, Appellant. [921 NYS2d 523]—An appeal having been taken to this Court by the above-named appellant from an order of the Supreme Court, Bronx County (Edgar G. Walker, J.), entered on or about February 19, 2010, and said appeal having been argued by counsel for the respective parties; and due deliberation having been had thereon, and upon the stipulation of the parties hereto dated April 15, 2011, it is unanimously ordered that said appeal be and the same is hereby withdrawn in accordance with the terms of the aforesaid stipulation. Concur—Saxe, J.P., Friedman, Freedman and Richter, JJ.

■ In the Matter of Commissioner of Social Services, Respondent, v Zouhier B., Appellant. [921 NYS2d 523]—

Order, Family Court, New York County (Mary E. Bednar, J.), entered on or about April 8, 2010, which confirmed the support magistrate's March 24, 2010 order finding that respondent willfully violated the court's December 5, 2007 support order, and placed respondent on probation for six months, upon certain terms and conditions, unanimously affirmed, without costs.

Respondent's claim that he was not afforded a hearing as mandated by Family Court Act § 454 is unpreserved and thus is not properly before this Court (*see e.g. Matter of Lindsey BB. [Ruth BB.]*, 72 AD3d 1162, 1164 [2010]; *Matter of Brittni K.*, 297 AD2d 236, 240 [2002]). In any event, respondent participated in the hearing before the magistrate and thus waived this claim (*see Matter of Nilda S. v Dawn K.*, 302 AD2d 237, 238 [2003], *lv denied* 100 NY2d 512 [2003]). Significantly, respondent was represented by counsel, who argued on his behalf at the hearing before the magistrate, and presented evidence to the magistrate. Thus, respondent was afforded a full and fair hearing, and was given the opportunity to submit evidence in his defense. Concur—Saxe, J.P., Friedman, Freedman and Richter, JJ.