■ In the Matter of ANGELA BECKER, Respondent, v JEFFREY HERMAN GUENTHER, Appellant. [55 NYS3d 148]—

Appeal by the father from an order of commitment of the Family Court, Nassau County (Robin M. Kent, J.), dated April 13, 2016. The order of commitment, in effect, confirmed an order of disposition of that court (Eileen Daly-Sapraicone, S.M.), dated March 15, 2016, determining that the father willfully violated a prior order of child support, and committed him to the custody of the Nassau County Correctional Facility for a period of four months unless he paid the purge amount of $15,000.

Ordered that the appeal from so much of the order of commitment as committed the father to the Nassau County Correctional Facility for a period of four months is dismissed as academic, without costs or disbursements, as the period of incarceration has expired (see Matter of Larrier v Williams, 84 AD3d 805, 806 [2011]); and it is further,

Ordered that the order of commitment is affirmed insofar as reviewed, without costs or disbursements.

The father and the mother have two children together. An order of disposition dated October 16, 2015 (hereinafter the support order), directed the father to pay, among other things, $500 per week in child support. He failed to make payments and in February 2016, the mother commenced this proceeding pursuant to Family Court Act article 4 alleging that the father was in willful violation of the support order. On March 15, 2016, the father appeared before a Support Magistrate and admitted to violating the support order. On the same day, an order of disposition was issued finding the father in willful violation of the support order. The Family Court thereafter, in effect, confirmed the order of disposition and issued an order of commitment.

The father's contention that the Family Court should have held a hearing as to whether he willfully violated the support order is unpreserved for appellate review (*see Matter of Commissioner of Social Servs. v Zouhier B.*, 84 AD3d 438 [2011]; *Green v Green*, 288 AD2d 436, 437 [2001]). In any event, the father was not denied a meaningful opportunity to be heard (*see James W.D. v Sandra C.*, 44 AD3d 423, 424 [2007]).

Moreover, the father's claim that he was deprived of the effective assistance of counsel is without merit. Contrary to the father's contentions, viewed in totality, the record reveals that the father received meaningful representation (*see Matter of Larrier v Williams*, 84 AD3d 805, 806 [2011]; cf. *Matter of Nassau County Dept. of Social Servs. v King*, 149 AD3d 942 [2d Dept 2017]).

Additionally, the Family Court's determination that the father should be incarcerated was a proper exercise of discretion. The court was not required to consider alternative enforcement measures (*see Matter of Powers v Powers*, 86 NY2d 63, 70-71 [1995]).

The father' remaining contentions are without merit. Chambers, J.P., Miller, Hinds-Radix and LaSalle, JJ., concur.