Matter of Fletcher v Saul (2018 NY Slip Op 04718)





Matter of Fletcher v Saul


2018 NY Slip Op 04718


Decided on June 27, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 27, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
SANDRA L. SGROI
HECTOR D. LASALLE
VALERIE BRATHWAITE NELSON, JJ.


2017-10566
 (Docket No. F-11280-03/17J)

[*1]In the Matter of Dahlia-Gaye Fletcher, respondent,
v
Desford Saul, appellant.


Larry Bachner, New York, NY, for appellant.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 4, the father appeals from an order of commitment of the Family Court, Queens County (Stephen Bogacz, J.), dated September 11, 2017. The order of commitment, in effect, confirmed an order of fact-finding of the same court (Sudeep Kaur, S.M.), also dated September 11, 2017, made after a hearing, finding that the father willfully violated a prior order of child support, and committed him to the custody of the New York City Department of Correction for a period of three months unless he paid the purge amount of $15,000.
ORDERED that the appeal from so much of the order of commitment as committed the father to the New York City Department of Correction for a period of three months unless he paid the purge amount is dismissed as academic, without costs or disbursements, as the period of incarceration has expired (see Matter of Becker v Guenther, 150 AD3d 985; Matter of Larrier v Williams, 84 AD3d 805); and it is further,
ORDERED that the order of commitment is affirmed insofar as reviewed, without costs or disbursements.
The father and the mother, who never married, have one child together. In August 2003, the mother filed a petition for child support against the father. An order of support dated October 19, 2013, directed the father to pay the mother the sum of $277 biweekly in child support. The father failed to make the payments and, in April 2017, the mother commenced this proceeding pursuant to Family Court Act article 4, alleging that the father was in willful violation of the order of support. Following a hearing on September 11, 2017, a Support Magistrate, in an order of fact-finding, found the father in willful violation of the order of support. On the same day, the Family Court, in effect, confirmed the order of fact-finding and issued an order of commitment. The father appeals.
The appeal from so much of the order of commitment as committed the father to the custody of the New York City Department of Correction for a period of three months unless he paid the purge amount must be dismissed as academic, as the period of incarceration has expired. However, in light of the enduring consequences which could flow from the determination that the father violated the order of support, the appeal from so much of the order of commitment as, in effect, confirmed the determination that the father was in willful violation of the order of support is not academic (see Matter of Stradford v Blake, 141 AD3d 785).
The father's contention that the Family Court improperly found that he willfully violated the order of support is without merit. "Failure to pay support, as ordered, constitutes prima facie evidence of a willful violation" (Matter of Schad v Schad, 158 AD3d 705, 706; see Family Ct Act § 454[3][a]; Matter of Densing v Densing, 107 AD3d 711). "Thus, proof that a respondent has failed to pay support as ordered establishes the petitioner's direct case of willful violation, shifting the burden to the respondent to offer competent, credible evidence of his or her inability to make the payments as ordered" (Matter of Schad v Schad, 158 AD3d at 706; see Matter of Powers v Powers, 86 NY2d 63, 69-70). It is undisputed that the father failed to make the payments as ordered, and he admitted to earning income during the years that he did not make any child support payments. Thus, the Family Court properly, in effect, confirmed the determination of the Support Magistrate that the father willfully violated the order of support (see Matter of Powers v Powers, 86 NY2d at 70).
The father's contention that he was deprived of the effective assistance of counsel is without merit. "[I]n support proceedings . . . in which a party faces the potential of imprisonment and has a statutory right to counsel, . . . the appropriate standard to apply in evaluating a claim of ineffective assistance is the meaningful representation standard" (Matter of Nassau County Dept. of Social Servs. v King, 149 AD3d 942, 944). Viewed in totality, the record reveals that the father received meaningful representation (see Matter of Becker v Guenther, 150 AD3d 985, 986).
The father's remaining contentions are without merit.
LEVENTHAL, J.P., SGROI, LASALLE and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court