Matter of Detore v Detore (2019 NY Slip Op 05129)





Matter of Detore v Detore


2019 NY Slip Op 05129


Decided on June 26, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 26, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
COLLEEN D. DUFFY
FRANCESCA E. CONNOLLY
ANGELA G. IANNACCI, JJ.


2017-13517
2017-13518
 (Docket No. F-10771-08/16M)

[*1]In the Matter of Alexandra Detore, respondent,
v
Brian Detore, appellant.


Thomas A. Farinella, New York, NY, for appellant.



DECISION & ORDER
In a proceeding pursuant to Family Court article 4, the father appeals from (1) an order of commitment of the Family Court, Suffolk County (George F. Harkin, J.), dated October 6, 2017, and (2) an order of the same court dated November 27, 2017. The order of commitment, in effect, confirmed an order of the same court (Melissa J. Willmott, S.M.), dated October 6, 2017, made after a hearing, determining, inter alia, that the father willfully violated an order of child support dated August 17, 2016, and committed the father to the custody of the Suffolk County Correctional Facility for a period of six months unless he paid the purge amount of $91,132.82. The order dated November 27, 2017, denied the father's objections to the order dated October 6, 2017.
ORDERED that the appeal from so much of the order of commitment as committed the father to the custody of the Suffolk County Correctional Facility for a period of six months and set forth the purge in the amount of $91,132.82 is dismissed as academic, without costs or disbursements; and it is further,
ORDERED that the order of commitment is affirmed insofar as reviewed, without costs or disbursements; and it is further,
ORDERED that the order dated November 27, 2017, is affirmed, without costs or disbursements.
The parties, who have three children together, divorced in 2007. In an order dated August 17, 2016, the father was directed to pay $42 per week in child support and $458 per week toward his accumulated child support arrears. In September 2016, the mother filed a violation petition, alleging that the father had willfully failed to comply with the terms of the August 17, 2016, order. In an order dated October 6, 2017, the Support Magistrate determined, after a hearing, inter alia, that the father had willfully failed to comply with his child support obligations and fixed the father's arrears. Thereafter, in an order of commitment dated October 6, 2017, the Family Court, in effect, confirmed the Support Magistrate's determination, and committed the father to the custody of the Suffolk County Correctional Facility for a period of six months unless he paid the purge amount of $91,132.82. In an order dated November 27, 2017, the Family Court denied the father's objections to the Support Magistrate's order.
As a threshold matter, the father's contention that the purge amount imposed by the Family Court was excessive is academic, since he is no longer incarcerated (see Matter of Murray v Fils-Aime, 170 AD3d 847). In addition, the appeal from so much of the order of commitment as [*2]committed the father to the custody of the Suffolk County Correctional Facility for a period of six months must be dismissed as academic, as the period of incarceration has expired (see Matter of Nassau County Dept. of Social Servs. v Simmons, 164 AD3d 796). However, in light of the enduring consequences that could flow from the determination that the father willfully violated the order of child support dated August 17, 2016, the appeal from so much of the order of commitment as, in effect, confirmed the finding of the Support Magistrate that the father was in willful violation of the order of child support is not academic (see Matter of Bea v Winslow, 162 AD3d 763, 764; Matter of Schad v Schad, 158 AD3d 705, 706).
The father's failure to pay child support constituted prima facie evidence of a willful violation (see Family Ct Act § 454[3][a]; Matter of Martin v Cooper, 96 AD3d 849, 851). This prima facie showing shifted the burden to the father to come forward with competent, credible evidence that his failure to pay child support in accordance with the terms of the order was not willful (see Matter of Powers v Powers, 86 NY2d 63, 69; Matter of Bea v Winslow, 162 AD3d at 764; Matter of Schad v Schad, 158 AD3d at 706). The father failed to satisfy his burden. Thus, we agree with the Family Court's determination, in effect, to confirm the findings of the Support Magistrate that the father willfully violated the order of child support dated August 17, 2016 (see Matter of Bea v Winslow, 162 AD3d at 764-765; Matter of Schad v Schad, 158 AD3d at 706).
Moreover, contrary to the father's contention, the record, viewed in totality, reveals that he received meaningful representation (see Matter of Murray v Fils-Aime, 170 AD3d at 849; Matter of Fletcher v Saul, 162 AD3d 1018, 1020; Matter of Becker v Guenther, 150 AD3d 985, 986).
The father's remaining contentions are without merit.
RIVERA, J.P., DUFFY, CONNOLLY and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court