Matter of Tamborello v Tamborello (2020 NY Slip Op 01508)





Matter of Tamborello v Tamborello


2020 NY Slip Op 01508


Decided on March 4, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 4, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
REINALDO E. RIVERA
SHERI S. ROMAN
JEFFREY A. COHEN, JJ.


2019-07762
 (Docket No. F-3288-01/19H)

[*1]In the Matter of Stella M. Tamborello, respondent,
v
George Michael Tamborello, appellant.


Thomas R. Villecco, Jericho, NY, for appellant.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 4, the father appeals from an order of commitment of the Family Court, Nassau County (Ellen R. Greenberg, J.), dated May 29, 2019. The order of commitment, in effect, confirmed an order of disposition of the same court (Tomasina C. Mastroianni, S.M.) dated April 26, 2019, made after a hearing, determining that the father willfully violated a prior order of support, and committed the father to the custody of the Nassau County Jail for a period of 180 days unless he paid the purge amount of $220,560.57.
ORDERED that the appeal from so much of the order of commitment as committed the father to the custody of the Nassau County Jail for a period of 180 days and set forth a purge amount of $220,560.57 is dismissed as academic, without costs or disbursements; and it is further,
ORDERED that the order of commitment is affirmed insofar as reviewed, without costs or disbursements.
The mother and the father, who have three children together, divorced in 2004. The judgment of divorce directed the father to pay child support in the sum of $1,041.39 per month and maintenance in the sum of $758.61 per month. The father's failure to pay resulted in the mother filing several violation petitions. By order of disposition dated May 17, 2018, the father was directed to pay the sum of $1,409.38 per month toward the arrears in addition to the court-ordered monthly child support and maintenance payments.
On March 1, 2019, the mother filed the instant petition alleging that the father violated the order of disposition dated May 17, 2018. In an order dated April 26, 2019, the Support Magistrate determined, after a hearing, that the father had willfully failed to comply with his child support and maintenance obligations. Thereafter, in an order of commitment dated May 29, 2019, the Family Court, in effect, confirmed the Support Magistrate's determination, and committed the father to the custody of the Nassau County Jail for a period of 180 days unless he paid the purge amount of $220,560.57.
As a threshold matter, the father's appeal from so much of the order of commitment as challenged the length of his commitment and the alleged excessiveness of the purge amount must be dismissed as academic, as the period of incarceration has expired (see Matter of Detore v Detore, 173 AD3d 1181, 1182; Matter of Schad v Schad, 158 AD3d 705, 706). However, in light of the [*2]enduring consequences that could flow from the determination that the father willfully violated the order of disposition dated May 17, 2018, the appeal from so much of the order of commitment as, in effect, confirmed the determination of the Support Magistrate that the father was in willful violation of the order of disposition is not academic (see Matter of Bea v Winslow, 162 AD3d 763, 764; Matter of Schad v Schad, 158 AD3d at 706).
The father's failure to pay child support and maintenance constituted prima facie evidence of a willful violation (see Family Ct Act § 454[3][a]; Matter of Cameron v King, 160 AD3d 945, 946). This prima facie showing shifted the burden to the father to come forward with competent, credible evidence that his failure to pay child support and maintenance in accordance with the terms of the order of disposition was not willful (see Matter of Powers v Powers, 86 NY2d 63, 69; Matter of Brady v White, 168 AD3d 724, 726; Matter of Bea v Winslow, 162 AD3d at 764; Matter of Schad v Schad, 158 AD3d at 706). The father failed to satisfy his burden. Thus, we agree with the Family Court's determination, in effect, to confirm the determination of the Support Magistrate that the father willfully violated the order of disposition dated May 17, 2018 (see Matter of Cameron v King, 160 AD3d at 947; Matter of Gorsky v Kessler, 79 AD3d 746, 746-747).
SCHEINKMAN, P.J., RIVERA, ROMAN and COHEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court