Matter of DeNittis v Chalfant (2020 NY Slip Op 02667)





Matter of DeNittis v Chalfant


2020 NY Slip Op 02667


Decided on May 6, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 6, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
JOSEPH J. MALTESE
VALERIE BRATHWAITE NELSON
PAUL WOOTEN, JJ.


2019-06656 
2019-06676
 (Docket No. F-2432-14/19A)

[*1]In the Matter of Amie DeNittis, respondent,
v
David Chalfant, appellant.


Rhonda R. Weir, Brooklyn, NY, for appellant.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 4, the father appeals from (1) an order of disposition of the Family Court, Richmond County (Gregory Gliedman, J.), dated May 1, 2019, (2) an order of the same court also dated May 1, 2019. The order of disposition, after a hearing, upon findings of fact dated May 1, 2019, inter alia, determined that the father willfully violated a prior order of child support. The order directed the entry of a money judgment in favor of the mother and against the father in the amount of $2,035.42.
ORDERED that the order of disposition and the order are affirmed, without costs or disbursements.
The father and the mother have one child together. An order of child support issued in 2015 directed the father to pay $599 per month in child support. The mother commenced this proceeding in February 2019, alleging that the father was in willful violation of the order of support in that he routinely had failed to make regular and full payments. Following a hearing, and upon its findings of facts, the Family Court issued an order of disposition dated May 1, 2019, determining that the father willfully violated the child support order. Additionally, the court issued an order also dated May 1, 2019, which directed the entry of a money judgment in favor of the mother and against the father in the amount of $2,035.42 for child support arrears. The father appeals.
Failure to pay support, as ordered, constitutes prima facie evidence of a willful violation (see Family Ct Act § 454[3][a]; Matter of Powers v Powers, 86 NY2d 63, 68-69). Thus, evidence that a respondent has failed to pay support as ordered establishes the petitioner's direct case of willful violation, shifting the burden to the respondent to offer competent, credible evidence of his or her inability to make the payments as ordered (see Matter of Powers v Powers, 86 NY2d at 69-70; Matter of Schad v Schad, 158 AD3d 705, 706).
Here, the mother presented a certified account statement from the Special Collections Unit evidencing that, at the time of the hearing, the father owed more than $2,000 toward his ongoing child support obligation, which constituted prima facie evidence of his willful violation of the order of support (see Matter of Kimbrough v Murphy, 156 AD3d 640, 641; Matter of Saintime v Saint Surin, 40 AD3d 1103, 1104). In response, the father failed to sustain his burden to offer competent credible evidence of his inability to make the required payments. Although the father claimed to have had difficulty obtaining gainful employment, he failed to present evidence that he [*2]made a reasonable and diligent effort to obtain gainful employment to meet his child support obligation (see Matter of Kretkowski v Pasqua, 147 AD3d 836, 837; Matter of Stradford v Blake, 141 AD3d 725, 726; Matter of Fusco v Fusco, 134 AD3d 1112, 1113; Matter of Gillison v Gillison, 122 AD3d 926, 927).
The father's remaining contentions are without merit.
Accordingly, we agree with the Family Court's determination that the father willfully violated the order of child support.
MASTRO, J.P., MALTESE, BRATHWAITE NELSON and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court