Matter of Brady v White (2020 NY Slip Op 04160)





Matter of Brady v White


2020 NY Slip Op 04160


Decided on July 22, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 22, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
CHERYL E. CHAMBERS
LEONARD B. AUSTIN
PAUL WOOTEN, JJ.


2019-05697
 (Docket Nos. F-11681-06/18R, F-11681-06/18S)

[*1]In the Matter of Denise Brady, respondent,
v
Raymond White, appellant.


Lisa Siano, Merrick, NY, for appellant.



DECISION & ORDER
In related proceedings pursuant to Family Court Act article 4, the father appeals from an order of commitment of the Family Court, Nassau County (Conrad D. Singer, J.), dated March 27, 2019. The order of commitment, in effect, confirmed an order of the same court dated February 21, 2019, which, in effect, confirmed an order of disposition of the same court (Lisa M. Williams, S.M.) dated February 4, 2019, made after a hearing and upon the father's default, finding, inter alia, that the father willfully violated a prior order directing payment of child support and maintenance, and committed him to the custody of the Nassau County Correctional Facility for a period of 180 days unless he paid the purge amount of $35,000.
ORDERED that the appeal from so much of the order of commitment as committed the father to the Nassau County Correctional Facility for a period of 180 days is dismissed as academic, without costs or disbursements, as the period of incarceration has expired (see Matter of Becker v Guenther, 150 AD3d 985); and it is further,
ORDERED that the order of commitment is affirmed insofar as reviewed, without costs or disbursements.
By petitions dated August 31, 2018, and December 3, 2018, respectively, the mother commenced these proceedings pursuant to Family Court Act article 4, seeking to enforce the father's child support obligations pursuant to an order of support, as modified on August 20, 2018, and alleging that the father was in willful violation of the order for failing to pay child support and maintenance, to obtain a life insurance policy, and to pay for a portion of college expenses. A hearing on the petitions was held on January 30, 2019, before the Support Magistrate. During the hearing, the mother testified and submitted evidence, including a certification affidavit from a child support investigator in the Nassau County Support Collection Unit. The mother testified, inter alia, that the father's last support payment in the amount of $100 was made in October 2018, and that the father failed to obtain a life insurance policy.
By order of disposition on default dated February 4, 2019, the Support Magistrate found the father in willful violation of the order of support and recommended a period of incarceration of 180 days. The Support Magistrate determined that the mother was owed the sums of $67,310.98 in support arrears and $319.24 for college expenses, and directed the father to obtain a life insurance policy in the amount of $350,000. Thereafter, the Family Court, by order dated February 21, 2019, in effect, confirmed the Support Magistrate's finding of willfulness. On March 27, 2019, the court held a confirmation of willfulness hearing at which the father appeared. By order of commitment dated March 27, 2019, the court committed the father to the custody of the Nassau County Correctional Facility for a period of 180 days unless he paid a purge amount of $35,000. The [*2]father appeals from the order of commitment.
The appeal from so much of the order of commitment as committed the father to the custody of the Nassau County Correctional Facility for a period of 180 days must be dismissed as academic, as the period of incarceration has expired (see Matter of Tamborello v Tamborello, 181 AD3d 609; Matter of Atkinson v Atkinson, 181 AD3d 590; Matter of Fletcher v Saul, 162 AD3d 1018; Matter of Becker v Guenther, 150 AD3d at 985). However, in light of the enduring consequences which could flow from the determination that the father willfully violated the support order, the appeal from so much of the order of commitment as, in effect, confirmed the finding that the father was in willful violation of the support order is not academic (see Matter of Tamborello v Tamborello, 181 AD3d at 610; Matter of Stradford v Blake, 141 AD3d 725).
We agree with the Family Court's determination, in effect, confirming the Support Magistrate's finding that the father willfully violated his support obligations (see Matter of Brady v White, 168 AD3d 724; Matter of Bea v Winslow, 162 AD3d 763, 764-765), and issuing the order of commitment. The father's failure to pay child support and maintenance constituted prima facie evidence of a willful violation (see Family Ct Act § 454[3][a]; Matter of Powers v Powers, 86 NY2d 63, 69; Matter of Brady v White, 168 AD3d at 726; Matter of Bea v Winslow, 162 AD3d at 764). This prima facie showing by the mother shifted the burden of proof to the father to come forward with competent, credible evidence that his failure to pay support in accordance with the terms of the order was not willful (see Matter of Powers v Powers, 86 NY2d at 69; Matter of Bea v Winslow, 162 AD3d at 764). The father failed to satisfy this burden inasmuch as he presented no competent or credible evidence of his inability to make the required payments (see Matter of Fusco v Fusco, 134 AD3d 1112; Matter of Pryce v Greene, 125 AD3d 972).
The father's remaining contentions are without merit.
RIVERA, J.P., CHAMBERS, AUSTIN and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court