Matter of Soldano v Soldano (2020 NY Slip Op 06798)





Matter of Soldano v Soldano


2020 NY Slip Op 06798


Decided on November 18, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 18, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
ROBERT J. MILLER
JOSEPH J. MALTESE
PAUL WOOTEN, JJ.


2019-13630
2020-01303
2020-01305
 (Docket No. F-7466-18)

[*1]In the Matter of Sandra Soldano, respondent,
v
Anthony Soldano, appellant.


Hirsch & Hirsch, LLP, Hempstead, NY (Cindy A. Prusinowski of counsel), for appellant.
Stephen J. Borofsky, Westbury, NY, for respondent.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 4, the father appeals from (1) an order of the Family Court, Nassau County (Nadine J. Satterthwaite, S.M.), dated August 22, 2019, (2) an order of commitment of the same court dated October 17, 2019, and (3) an order of the same court (Eileen C. Daly-Sapraicone, J.) dated October 22, 2019. The order dated August 22, 2019, upon an order of disposition of the same court (Nadine J. Satterthwaite, S.M.), also dated August 22, 2019, made after a hearing, determined that the father willfully violated a prior order of support, and directed the entry of a money judgment in favor of the mother and against the father in the total sum of $42,287.77. The order of commitment, in effect, confirmed the order of disposition, and committed the father to the Nassau County Correctional Facility for a period of 10 days unless he paid the purge amount of $20,000. The order dated October 22, 2019, denied the father's objections to the order of disposition and the order dated August 22, 2019.
ORDERED that the appeal from the order dated August 22, 2019, is dismissed, without costs or disbursements, as that order was superseded by the order dated October 22, 2019; and it is further,
ORDERED that the appeal from so much of the order of commitment as committed the father to the Nassau County Correctional Facility for a period of 10 days is dismissed as academic, without costs or disbursements, as the period of incarceration has expired (see Matter of Becker v Guenther, 150 AD3d 985); and it is further,
ORDERED that the order of commitment is affirmed insofar as reviewed, without costs or disbursements; and it is further,
ORDERED that the order dated October 22, 2019, is affirmed, without costs or disbursements.
The appeal from so much of the order of commitment as committed the father to the custody of the Nassau County Correctional Facility for a period of 10 days must be dismissed as [*2]academic, as the period of incarceration has expired (see Matter of Tamborello v Tamborello, 181 AD3d 609). However, in light of the enduring consequences which could flow from the determination that the father willfully violated his support obligation, the appeal from so much of the order of commitment as, in effect, confirmed the finding that the father was in willful violation of his support obligation is not academic (see id. at 610).
The mother and the father, who have two children together, divorced in 2018. The judgment of divorce directed the father to pay, inter alia, child support in the sum of $2,123.74 per month. In March 2019, the mother filed a violation petition alleging that the father willfully failed to comply with his child support and maintenance obligations.
In an order of disposition dated August 22, 2019, made after a hearing, the Support Magistrate found that the father willfully failed to comply with his support obligation. In a separate order also dated August 22, 2019, the Support Magistrate directed the entry of a money judgment in favor of the mother and against the father in the total sum of $42,287.77. On October 1, 2019, the father filed objections to the order of disposition and to the order dated August 22, 2019, directing the entry of a money judgment. In an order of commitment dated October 17, 2019, the Family Court, in effect, confirmed the order of disposition, and committed the father to the Nassau County Correctional Facility for a period of 10 days unless he paid the purge amount of $20,000. In an order dated October 22, 2019, the court denied the father's objections. The father appeals from the order dated August 22, 2019, directing the entry of a money judgment, the order of commitment, and the order dated October 22, 2019, denying his objections.
Evidence of a failure to pay support as ordered constitutes prima facie evidence of a willful violation (see Family Ct Act § 454[3][a]; Matter of Powers v Powers, 86 NY2d 63, 68-69). "Thus, evidence that a respondent has failed to pay support as ordered establishes the petitioner's direct case of willful violation, shifting the burden to the respondent to offer competent, credible evidence of his or her inability to make the payments as ordered" (Matter of DeNittis v Chalfant, 183 AD3d 648, 649; see Matter of Powers v Powers, 86 NY2d at 69-70). Here, upon the mother's prima facie showing of the father's failure to pay child support as ordered, the father failed to meet his burden of offering competent, credible evidence of his inability to make the required payments (see Matter of Nassau County Dept. of Social Servs. v Henry, 136 AD3d 639, 640).
Accordingly, we agree with the Family Court's denial of the father's objections to the Support Magistrate's determination that he willfully violated a prior order of support.
MASTRO, J.P., MILLER, MALTESE and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court