Matter of Nocerino v Nocerino (2021 NY Slip Op 01979)





Matter of Nocerino v Nocerino


2021 NY Slip Op 01979


Decided on March 31, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 31, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
COLLEEN D. DUFFY
ANGELA G. IANNACCI
PAUL WOOTEN, JJ.


2020-03221
2020-03222
2020-03223
 (Docket No. F-3644-09/19I)

[*1]In the Matter of Gina Nocerino, respondent,
v
Frank Nocerino, appellant.


Anthony DeGuerre, Staten Island, NY, for appellant.
Jay S. Baum, Staten Island, NY, for respondent.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 4, the father appeals from (1) an order of the Family Court, Richmond County (Alison M. Hamanjian, J.), dated December 9, 2019, (2) an order of commitment of the same court, also dated December 9, 2019, and (3) an order of the same court, also dated December 9, 2019. The first order confirmed an order of disposition of the same court (Marjorie R. Steinberg, S.M.), dated November 25, 2019, made after a hearing, finding that the father willfully violated a prior order of child support. The order of commitment, in effect, also confirmed the order of disposition and committed the father to the custody of the New York City Department of Corrections for a period of six months. The third order suspended the commitment in the event the father paid the purge amount of $15,000.
ORDERED that the appeals from so much of the order of commitment as committed the father to the custody of the New York City Department of Corrections for a period of six months and from the third order are dismissed as academic, without costs or disbursements; and it is further,
ORDERED that the order of commitment is affirmed insofar as reviewed, without costs or disbursements; and it is further,
ORDERED that the first order dated December 9, 2019, is affirmed, without costs or disbursements.
The parties are divorced and have two children. In July 2019, the mother filed a petition against the father alleging that he violated a prior child support order by failing to pay any support since "the middle of October 2018." At a proceeding on September 13, 2019, the parties stipulated that the children "will be deemed emancipated as of today, September 13, 2019"; that the father owed support arrears in the sum of $37,157.40; and that the father would make a payment of $10,000 to the mother by September 20, 2019. Thereafter, the father failed to make any payments as required by the parties' stipulation, and the matter proceeded to a hearing on the mother's violation petition.
In an order of disposition dated November 25, 2019, made after the hearing, a Support Magistrate found that the father willfully violated the prior order of child support, and that the father owed support arrears in the sum of $39,106.40. In an order dated December 9, 2019, the Family Court confirmed the order of disposition. In an order of commitment, also dated December 9, 2019, [*2]the court, in effect, also confirmed the order of commitment, and committed the father to the custody of the New York City Department of Corrections for a period of six months. In a third order dated December 9, 2019, the court suspended the commitment in the event the father paid the purge amount of $15,000. The father appeals.
The appeals from so much of the order of commitment as committed the father to the custody of the New York City Department of Corrections for a period of six months and from the order suspending the commitment in the event the father paid the purge amount are dismissed as academic, as the period of commitment has expired (see Matter of Brady v White, 185 AD3d 921, 922; Matter of Tamborello v Tamborello, 181 AD3d 609). However, in light of the enduring consequences which could flow from the determination that the father willfully violated the support order, the appeal from so much of the order of commitment as, in effect, confirmed the Support Magistrate's finding that the father was in willful violation of the support order is not academic (see Matter of Tamborello v Tamborello, 181 AD3d at 610). Evidence of a failure to pay support as ordered constitutes prima facie evidence of a willful violation (see Family Ct Act § 454[3][a]; Matter of Powers v Powers, 86 NY2d 63, 68-69). "Thus, evidence that a respondent has failed to pay support as ordered establishes the petitioner's direct case of willful violation, shifting the burden to the respondent to offer competent, credible evidence of his or her inability to make the payments as ordered" (Matter of DeNittis v Chalfant, 183 AD3d 648, 649; see Matter of Powers v Powers, 86 NY2d at 69-70). Here, upon the mother's prima facie showing of the father's failure to pay child support as ordered, the father failed to meet his burden of offering competent, credible evidence of his inability to make the required payments (see Matter of Ribeiro v Honorio, 190 AD3d 977; Matter of Soldano v Soldano, 188 AD3d 1077, 1078). Accordingly, the Family Court properly confirmed the Support Magistrate's finding that the father willfully violated the support order.
The father's remaining contentions are without merit.
AUSTIN, J.P., DUFFY, IANNACCI and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court