Ruci v Navarro (2024 NY Slip Op 01813)

Ruci v Navarro

2024 NY Slip Op 01813

Decided on April 3, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 3, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
ROBERT J. MILLER
LILLIAN WAN
CARL J. LANDICINO, JJ.

2023-01299
2023-01300
2023-01301
 (Docket No. F-4656-20/21A)

[*1]In the Matter of Gerd Ruci, respondent,
v
Victoria Navarro, appellant.

Carol Kahn, New York, NY, for appellant.

DECISION & ORDER
In a proceeding pursuant to Family Court Act article 4, the mother appeals from (1) an order of the Family Court, Queens County (Dean T. Kusakabe, J.), dated December 14, 2022, (2) an order of commitment of the same court dated February 3, 2023, and (3) an order of the same court also dated February 3, 2023. The order dated December 14, 2022, set the amount of $10,000 for the mother to purge her contempt for willfully violating a prior order of child support, as found in an order of disposition of the same court (Serena Rosario, S.M.) dated February 2, 2022, and confirmed in an order of the same court (Dean T. Kusakabe, J.) dated October 11, 2022. The order of commitment, in effect, also confirmed the order of disposition and committed the mother to the custody of the New York City Department of Correction for a period of 90 days unless sooner discharged according to law or until she made a payment of $11,632 to the Support Collection Unit toward child support arrears and proof of such payment was furnished to the Family Court. The order dated February 3, 2023, directed the mother to surrender to the Queens County Sheriff's Department on or before February 6, 2023, and directed the Sheriff to take custody of the mother and deliver her into the custody of the New York City Department of Correction to serve the period of incarceration pursuant to the order of commitment.
ORDERED that the appeals from the order dated December 14, 2022, the order dated February 3, 2023, and so much of the order of commitment as committed the mother to the custody of the New York City Department of Correction for a period of 90 days unless sooner discharged according to law or until she made a payment of $11,632 to the Support Collection Unit toward child support arrears and proof of such payment was furnished to the Family Court are dismissed, without costs or disbursements; and it is further,
ORDERED that the order of commitment is affirmed insofar as reviewed, without costs or disbursements.
The appeal from the order dated December 14, 2022, setting a purge amount of $10,000, must be dismissed, as that order was superseded by the order of commitment dated February 3, 2023. The appeals from the order dated February 3, 2023, inter alia, directing the mother to surrender to the Queens County Sheriff's Department on or before February 6, 2023, and from so much of the order of commitment as committed the mother to the custody of the New York City Department of Correction for a period of 90 days unless sooner discharged according to law or until [*2]she made a payment of $11,632 to the Support Collection Unit toward child support arrears and proof of such payment was furnished to the Family Court must be dismissed as academic, as the period of commitment has expired (see Matter of Nocerino v Nocerino, 192 AD3d 1113). However, in light of the enduring consequences which could flow from the determination that the mother willfully violated an order of child support, the appeal from so much of the order of commitment as, in effect, confirmed the Support Magistrate's finding that the mother was in willful violation of the order of child support is not academic (see id.).
On appeal, the mother primarily contends that the Family Court erred in, inter alia, directing her to serve a motion to vacate her default in a manner that violated CPLR 5015. However, this contention is improperly raised for the first time on appeal (see Matter of Jaylhon C. [Candace C.], 170 AD3d 999, 1001).
The mother's remaining contentions are either without merit or not properly before this Court.
DUFFY, J.P., MILLER, WAN and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court