Matter of Melendez v Osborne (2025 NY Slip Op 01221)

Matter of Melendez v Osborne

2025 NY Slip Op 01221

Decided on March 5, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 5, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
LARA J. GENOVESI
JANICE A. TAYLOR
PHILLIP HOM, JJ.

2024-03837 
2024-03838
 (Docket No. F-5223-19/23F)

[*1]In the Matter of Cynthia J. Melendez, respondent,
v
Michael J. Osborne, appellant.

Amy L. Colvin, Huntington, NY, for appellant.
Brill Legal Group, P.C., Hempstead, NY (Peter E. Brill of counsel), for respondent (no brief filed).

DECISION & ORDER
In a proceeding pursuant to Family Court Act article 4, the father appeals from (1) an order of the Family Court, Nassau County (Ayesha K. Brantley, J.), dated May 3, 2024, and (2) an order of commitment of the same court, also dated May 3, 2024. The order, in effect, confirmed so much of an order of disposition of the same court (Tomasina C. Mastroianni, S.M.) dated March 1, 2024, made after a hearing, as found that the father willfully violated a prior order of child support. The order of commitment, in effect, confirmed the order of disposition and committed the father to the custody of the Nassau County Correctional Facility for a period of 60 days unless he paid the purge amount of $10,000.
ORDERED that the appeal from so much of the order of commitment as committed the father to the custody of the Nassau County Correctional Facility for a period of 60 days unless he paid the purge amount of $10,000 is dismissed as academic, without costs or disbursements, as the period of incarceration has expired (see Matter of Becker v Guenther, 150 AD3d 985); and it is further,
ORDERED that the order is affirmed, without costs or disbursements; and it is further,
ORDERED that the order of commitment is affirmed insofar as reviewed, without costs or disbursements.
The parties were never married and are the parents of a child, born in 2012. In an order of child support dated February 25, 2020, the father was directed to pay to the mother the sum of $221 per week as child support (hereinafter the child support order). In September 2023, the mother commenced this child support enforcement proceeding, alleging that the father willfully failed to pay as obligated. In an order of disposition dated March 1, 2024, made after a hearing, the Support Magistrate determined that the father willfully failed to pay as obligated under the child support order and directed the entry of a money judgment in the sum of $27,291.16 for child support arrears. The Support Magistrate recommended that the father be incarcerated for up to 45 days unless he paid the full arrears amount. In an order dated May 3, 2024, the Family Court, in effect, confirmed the Support Magistrate's finding of willfulness. In an order of commitment, also dated [*2]May 3, 2024, the court, in effect, confirmed the finding of willfulness and committed the father to the custody of the Nassau County Correctional Facility for a period of 60 days unless he paid the purge amount of $10,000.
Although the appeal from so much of the order of commitment as committed the father to the custody of the Nassau County Correctional Facility for a period of 60 days unless he paid the purge amount must be dismissed as academic, the appeal from so much of the order of commitment as, in effect, confirmed the finding that the father willfully violated the child support order is not academic in light of the enduring consequences that could flow from the determination that he violated his support obligations (see Matter of Leathers v Smalls, 192 AD3d 892; Matter of Palombelli v Guglielmo, 187 AD3d 1020).
The Family Court, in effect, properly confirmed the Support Magistrate's finding that the father willfully violated the child support order (see Matter of Brady v White, 185 AD3d 921; Matter of Bea v Winslow, 162 AD3d 763). The father's failure to pay child support constituted prima facie evidence of a willful violation (see Family Ct Act § 454[3][a]; Matter of Powers v Powers, 86 NY2d 63; Matter of Brady v White, 185 AD3d at 923). This prima facie showing by the mother shifted the burden of proof to the father to come forward with competent, credible evidence that his failure to pay child support in accordance with the terms of the child support order was not willful (see Matter of Powers v Powers, 86 NY2d at 69; Matter of Bea v Winslow, 162 AD3d at 764). The father failed to satisfy this burden inasmuch as he presented no competent or credible evidence of his inability to pay child support (see Matter of Fusco v Fusco, 134 AD3d 1112; Matter of Pryce v Greene, 125 AD3d 972).
The father's remaining contentions are improperly raised for the first time on appeal (see Joe v Upper Room Ministries, Inc., 88 AD3d 963).
LASALLE, P.J., GENOVESI, TAYLOR and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court