■ In the Matter of CAROLINE SMITH, Respondent, v KENNETH R. SMITH, Appellant. [864 NYS2d 788]—In a child support

proceeding pursuant to Family Court Act articles 4 and 5-B, the father appeals (1), as limited by his brief, from so much of an order of disposition of the Family Court, Orange County (Currier Woods, J.F.C.), entered October 25, 2007, as, after a hearing, determined that he willfully violated a prior support order of the same court and directed that he be committed to the Orange County Jail for a term of imprisonment of three months, and (2) from an order of commitment of the same court, also dated October 25, 2007, which committed him to the Orange County Jail for a term of imprisonment of three months.

Ordered that the appeal from so much of the order of disposition as directed that the appellant be committed to the Orange County Jail for a term of imprisonment of three months and the appeal from the order of commitment are dismissed as academic, without costs or disbursements, as the period of incarceration has expired (see Matter of Greene v Holmes, 31 AD3d 760 [2006]; Matter of Bradley v Beneduce, 24 AD3d 546 [2005]); and it is further,

Ordered that the order of disposition is affirmed insofar as reviewed, without costs or disbursements.

The mother's proof that the father failed to pay child support as ordered constituted prima facie evidence of the father's willful violation of the support order (see Family Ct Act § 454 [3] [a]; Matter of Powers v Powers, 86 NY2d 63, 69 [1995]; Matter of Greene v Holmes, 31 AD3d 760 [2006]). The father failed to rebut this prima facie evidence of willfulness by offering competent, credible evidence of his inability to pay (see Matter of Powers v Powers, 86 NY2d 63, 69-70 [1995]; Matter of Rawlins v Williams, 27 AD3d 757 [2006]). Accordingly, the Family Court properly determined that he willfully violated the support order. Prudenti, P.J., Santucci, McCarthy and Chambers, JJ., concur.