In the Matter of MARY SULLIVAN, Respondent, v BERNARD KILKENNY, Appellant. [35 NYS3d 253]—

Appeal from an order of commitment of the Family Court, Dutchess County (James F. Reitz, J.), dated June 3, 2015. The order of commitment, after a hearing, in effect, revoked the suspended sentence provisions of an order of disposition of that court (Steven Kaufman, S.M.) dated March 31, 2014, and committed the father to the Dutchess County Jail for a period of six months unless he paid the purge amount of $2,500.

Ordered that the order of commitment is affirmed, without costs or disbursements.

The mother commenced this proceeding pursuant to Family Court Act article 4 against the father in June 2012, seeking child support for their child. An order of support dated August 9, 2012, entered on consent, directed the father to pay the mother $100 per week in child support. In June 2013, the mother filed a petition alleging that the father violated the

order of support. In an order of disposition dated March 31, 2014, a Support Magistrate found the father in willful violation of the order of support, sentenced him to 30 days incarceration unless he paid the purge amount of $500, and suspended sentence on the condition that he comply with the order of support prospectively. In July 2014, the Dutchess County Department of Social Services, Child Support Enforcement Unit (hereinafter the CSEU), filed a petition on behalf of the mother, alleging that the father was in willful violation of the order of disposition dated March 31, 2014. In an order of commitment dated June 3, 2015, the Family Court, after a hearing, in effect, revoked the suspended sentence provisions of the order of disposition and committed the father to the Dutchess County Jail for a period of six months unless he paid a purge amount of $2,500. The father appeals.

Pursuant to Family Court Act § 455 (1), a court "may at any time suspend an order of commitment upon such reasonable conditions, if any, as the court deems appropriate to carry out the purposes of [the] article." Furthermore, the court may, at any time, revoke the suspension of the order of commitment "[f]or good cause shown" (Family Ct Act § 455 [1]). Here, the CSEU annexed to its petition the sworn affidavit of its caseworker, which established that the father persisted in his failure to make the requisite support payments following the suspension of his sentence.

Moreover, the evidence established that the father's failure to pay support was willful. "[F]ailure to pay support as ordered itself constitutes 'prima facie evidence of a willful violation,'" which "shift[s] to [the] respondent the burden of going forward" with "some competent, credible evidence of his [or her] inability to make the required payments" (*Matter of Powers v Powers*, 86 NY2d 63, 69-70 [1995], quoting Family Ct Act § 454 [3] [a]; *see Matter of Saraguard v Saraguard*, 125 AD3d 982 [2015]; *Matter of Pryce v Greene*, 125 AD3d 972, 973 [2015]). Here, the affidavit of the CSEU's caseworker attesting to the father's failure to pay support constituted prima facie evidence of the father's willful violation of the support order (*see Matter of Gorsky v Kessler*, 79 AD3d 746, 746 [2010]; *Matter of Smith v Smith*, 55 AD3d 743, 743 [2008]). In response, the father offered no "competent, credible evidence" of his inability to make the required payments (*Matter of Powers v Powers*, 86 NY2d at 69-70; *see Matter of Logue v Abell*, 97 AD3d 582, 583 [2012]; *Matter of Smith v Smith*, 55 AD3d at 743). Contrary to the father's contention, his incarceration on or about December 11, 2014 did not constitute evidence of his inability to make sup-

port payments in accordance with the order of disposition dated March 31, 2014.

Under these circumstances, the Family Court providently exercised its discretion in revoking the suspended sentence.

Furthermore, where, as here, a willful violation of an order of support is found, the determination as to the appropriate sanction lies within the Family Court's discretion (*see Matter of Gorsky v Kessler*, 79 AD3d at 747; *Matter of Commissioner of Social Servs. v Rosen*, 289 AD2d 487, 489 [2001]). Upon revoking the suspended sentence provisions of the order of disposition in this matter, the Family Court found that the father not only willfully violated the order of disposition, but also had accrued arrears in excess of $12,000. Under the circumstances, the court did not improvidently exercise its discretion in setting a purge amount in the sum of $2,500 (*see Matter of Rube v Tornheim*, 82 AD3d 1246, 1246 [2011]). Moreover, the Family Court acted within its statutory authority in directing the father to serve a six-month term of incarceration (*see* Family Ct Act § 454 [3] [a]; *Matter of Ana B. v Hector N.*, 100 AD3d 476, 477 [2012]).

The father's remaining contentions either are without merit or are not properly before this Court. Dillon, J.P., Roman, Miller and LaSalle, JJ., concur.