Matter of Murray v Fils-Aime (2019 NY Slip Op 01767)





Matter of Murray v Fils-Aime


2019 NY Slip Op 01767


Decided on March 13, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 13, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
SHERI S. ROMAN
BETSY BARROS
LINDA CHRISTOPHER, JJ.


2018-08717
 (Docket No. F-4185-15/17B)

[*1]In the Matter of Julia M. Murray, respondent,
v
Anderson Fils-Aime, appellant.


W. David Eddy, Jr., White Plains, NY, for appellant.
Julia M. Murray, New Rochelle, NY, respondent pro se.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 4, the father appeals from an order of commitment of the Family Court, Westchester County (Arlene E. Katz, J.), entered June 21, 2018. The order of commitment, insofar as appealed from, in effect, confirmed an order of the same court (Carol A. Jordan, S.M.) dated April 3, 2018, made after a hearing, inter alia, determining that the father willfully violated a prior order of support, and committed the father to the custody of the Westchester County Jail for a period of six months unless he paid the purge amount of $45,146.78.
ORDERED that the appeal from so much of the order of commitment as provided the father with the opportunity to pay the purge amount of $45,146.78 is dismissed as academic, without costs or disbursements; and it is further,
ORDERED that the order of commitment is affirmed insofar as reviewed, without costs or disbursements.
The mother and the father, who have one child together, divorced in 2003, at which time the mother was awarded sole physical custody of their child, and the father was directed to pay $300 per month in child support. In 2015, the mother filed a violation petition, alleging that the father had willfully failed to comply with the judgment directing him to pay child support. In an order dated September 10, 2015, a Support Magistrate directed the father to pay $418 per month in basic child support and found that he owed $38,308.62 in total arrears.
In June 2017, the mother filed another violation petition, alleging that the father had willfully failed to comply with the 2015 order and that he was currently more than $40,000 in arrears on his child support obligation. After a hearing, the Support Magistrate determined, inter alia, that the father had willfully failed to comply with his child support obligations, and referred the matter to a Family Court judge. The Family Court, in effect, confirmed the Support Magistrate's determination, and directed that the father be incarcerated for a period of six months, with a purge amount of $45,146.78. On appeal, the father challenges the finding of willfulness, as well as the purge amount imposed.
By order dated November 13, 2018, the Family Court suspended the father's sentence before he had completed it.
As a threshold matter, in light of the enduring consequences that could flow from the [*2]determination that the father willfully violated the prior order of child support, the appeal from so much of the order of commitment as confirmed the finding of the Support Magistrate that the father was in willful violation of the order of child support is not academic (see Matter of Bea v Winslow, 162 AD3d 763, 764; Matter of Schad v Schad, 158 AD3d 705, 706).
The father's contention that the purge amount imposed by the Family Court was excessive is academic, since he is no longer incarcerated. Although the risk still exists that the father's suspended sentence could be revoked in the future for good cause shown (see Family Ct Act § 455[1]), if and when such contingency ever materializes, the appropriate purge amount will take into account all relevant facts and circumstances prevailing at the time of the revocation (cf. Matter of Sullivan v Kilkenny, 141 AD3d 533). It would, therefore, serve no useful purpose for this Court to determine whether the purge amount imposed in June of 2018 was appropriate, and we express no view on that subject.
Failure to pay child support, as ordered, constitutes prima facie evidence of a willful violation (see Family Ct Act § 454[3][a]), thereby shifting the burden of proof to the respondent to offer competent, credible evidence of his or her inability to make the payments as ordered (see Matter of Powers v Powers, 86 NY2d 63, 69-70; Matter of Bea v Winslow, 162 AD3d at 764; Matter of Schad v Schad, 158 AD3d at 706). Here, the mother submitted prima facie evidence of the father's willful violation of the lawful support order. In opposition, the father failed to offer any competent, credible evidence of his inability to make the required payments. Thus, we agree with the Family Court's determination, in effect, to confirm the findings of the Support Magistrate that the father willfully violated the prior order of child support (see Matter of Bea v Winslow, 162 AD3d at 764-765; Matter of Schad v Schad, 158 AD3d at 706).
Moreover, contrary to the father's contention, the record, viewed in totality, establishes that he received meaningful representation (see Matter of Fletcher v Saul, 162 AD3d 1018, 1020; Matter of Becker v Guenther, 150 AD3d 985, 986).
CHAMBERS, J.P., ROMAN, BARROS and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court