Matter of Ribeiro v Honorio (2021 NY Slip Op 00433)





Matter of Ribeiro v Honorio


2021 NY Slip Op 00433


Decided on January 27, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 27, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
ROBERT J. MILLER
COLLEEN D. DUFFY
LINDA CHRISTOPHER, JJ.


2019-10745
 (Docket No. F-4619-11)

[*1]In the Matter of Edna S. Ribeiro, respondent,
v
Henrique F. Honorio, appellant.


Ralph R. Carrieri, St. James, NY, for appellant.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 4, the father appeals from a corrected order of commitment of the Family Court, Nassau County (Ayesha K. Brantley, J.), dated July 31, 2019. The corrected order of commitment, in effect, confirmed an order of disposition of the same court (Elizabeth A. Bloom, S.M.) dated July 11, 2019, made after a hearing, finding that the father willfully violated a prior order of child support, and committed him to the custody of the Nassau County Correctional Facility for a period of 30 days unless he paid the purge amount of $5,000.
ORDERED that the appeal from so much of the corrected order of commitment as committed the father to the custody of the Nassau County Correctional Facility for a period of 30 days is dismissed as academic, without costs or disbursements, as the period of incarceration has expired (see Matter of Schad v Schad, 158 AD3d 705); and it is further,
ORDERED that the corrected order of commitment is affirmed insofar as reviewed, without costs or disbursements.
The mother commenced this proceeding against the father, alleging that he was in willful violation of an order of child support. Following a hearing, the Support Magistrate issued an order of disposition dated July 11, 2019, finding that the father's failure to comply with the order of child support was willful. In a corrected order of commitment dated July 31, 2019, the Family Court, in effect, confirmed the Support Magistrate's order of disposition and committed the father to the custody of the Nassau County Correctional Facility for a period of 30 days unless he paid the purge amount of $5,000. The father appeals from the corrected order of commitment.
The appeal from so much of the corrected order of commitment as committed the father to the custody of the Nassau County Correctional Facility for a period of 30 days must be dismissed as academic, as the period of incarceration has expired (see Matter of Stradford v Blake, 141 AD3d 725). However, in light of the enduring consequences which could flow from the determination that the father willfully violated the order of child support, the appeal from so much of the corrected order of commitment as, in effect, confirmed the finding that the father was in willful violation of the order of child support is not academic (see Matter of Schad v Schad, 158 AD3d at 706).
The father's failure to pay child support constituted prima facie evidence of a willful [*2]violation of the order of child support (see Family Ct Act § 454[3][a]; Matter of Martin v Cooper, 96 AD3d 849, 851). This prima facie showing shifted the burden to the father to come forward with competent, credible evidence of his inability to make the payments as ordered (see Matter of Powers v Powers, 86 NY2d 63, 69-70; Matter of Atkinson v Atkinson, 181 AD3d 590, 591). The father failed to satisfy his burden. The record is devoid of evidence of the father's inability to pay child support as ordered. Notably, the Support Magistrate reasonably did not credit the father's 2018 income tax returns wherein his reported gross income receipts were inconsistent with the amounts to which he testified that he contributed to his household. Thus, we agree with the Family Court's determination, in effect, to confirm the Support Magistrate's finding that the father willfully violated the order of child support (see Matter of Bea v Winslow, 162 AD3d 763, 764-765).
The father's remaining contention is without merit.
CHAMBERS, J.P., MILLER, DUFFY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court