Matter of Duncan v Defreese (2021 NY Slip Op 02154)





Matter of Duncan v Defreese


2021 NY Slip Op 02154


Decided on April 7, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 7, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, A.P.J.
ROBERT J. MILLER
COLLEEN D. DUFFY
VALERIE BRATHWAITE NELSON, JJ.


2020-03501
 (Docket No. U-4196-18)

[*1]In the Matter of Dawn M. Duncan, respondent,
v
Elijah T. Defreese, appellant.


Alex Smith, Middletown, NY, for appellant.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 4, the father appeals from an order of disposition of the Family Court, Orange County (Carol S. Klein, J.), dated March 16, 2020. The order of disposition, after a hearing, inter alia, determined that the father willfully violated a prior order of support and directed that the father be committed to the custody of the Orange County Jail for a period of four months, with the term of incarceration to run consecutively to a term of imprisonment being served by the father in the custody of the New York State Department of Corrections and Community Supervision.
ORDERED that the order of disposition is affirmed, without costs or disbursements.
In an order dated October 31, 2018, the Family Court confirmed the registration of an order of support of a New Jersey Superior Court (hereinafter the order of support) and determined that the father was legally responsible for the support of the parties' child, who was born in 2008. There is no indication in the record that the father opposed the registration of the order of support in the Family Court in New York. Thereafter, in May 2019, the Orange County Department of Social Services, Child Support Collection Unit, filed a violation petition against the father, on behalf of the mother, alleging that the father willfully failed to obey the order of support.
In an order of disposition dated March 16, 2020, after a hearing, the Family Court, inter alia, determined that the father willfully violated the order of support and directed that the father be committed to the custody of the Orange County Jail for a period of four months, to run consecutively to a state prison sentence that the father was serving. The father appeals. We affirm.
Contrary to the father's contention, the Family Court did not lack subject matter jurisdiction over the enforcement of the order of support although it was issued by the State of New Jersey. The order of support was registered in New York in October 2018 and was thus enforceable by the courts of this state (see Family Ct Act §§ 580-601, 580-603[b]). Moreover, the record was devoid of credible evidence to support the father's contention that he was no longer a resident of New York as of the date the violation petition was filed (see generally Antone v General Motors Corp., Buick Motor Div., 64 NY2d 20, 30; Wittich v Wittich, 210 AD2d 138, 139).
"'At a hearing pursuant to Family Court Act § 454 to determine whether a respondent has "willfully failed to obey [a] lawful order of support," the burden is on the petitioner to establish that the respondent willfully violated the terms of the [order] by failing to pay the required support'" [*2](Matter of Ciccotelli v Johnson, 189 AD3d 828, 829, quoting Matter of Yuen v Sindhwani, 137 AD3d 1155, 1156, quoting Family Ct Act § 454[3]). The father's failure to pay child support as ordered constituted prima facie evidence of a willful violation and shifted the burden to him to present competent, credible evidence of his financial inability to comply (see Family Ct Act § 455[5]; Matter of Brady v White, 185 AD3d 921, 923; Matter of Grace v Amabile, 181 AD3d 602, 604).
Here, in opposition to the mother's prima facie showing that the father failed to pay support as ordered, the father failed to present credible, competent evidence of his inability to pay (see Matter of Brady v White, 185 AD3d at 923). Although the father testified that he was not employed before serving his current state prison sentence and spent time in and out of jail, he failed to show that he was unable to meet his support obligation on account of his incarceration or any other reason. The father failed to present any evidence that he made reasonable and diligent efforts to secure employment during the times he was not incarcerated (see Matter of Dezil v Garlick, 136 AD3d 904, 905). Moreover, the father admitted that he was not continuously incarcerated during that time period and acknowledged working, in some capacity, for a construction business in late 2018 and in July 2019. Further, the father did not provide evidence to show that he had no sources of income or assets (see generally Matter of Stradford v Blake, 141 AD3d 725, 726).
Accordingly, the record supports the Family Court's determination that the father willfully violated the order of support and the imposition of a term of incarceration.
MASTRO, A.P.J., MILLER, DUFFY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court