Matter of Martucci v Nerone (2021 NY Slip Op 05340)





Matter of Martucci v Nerone


2021 NY Slip Op 05340


Decided on October 6, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 6, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
REINALDO E. RIVERA
COLLEEN D. DUFFY
WILLIAM G. FORD, JJ.


2020-07766 
2020-07767
 (Docket No. F-4383-15)

[*1]In the Matter of Maria Martucci, respondent,
v
Biagio Nerone, appellant.


Yasmin Daley Duncan, Brooklyn, NY, for appellant.
Orrick, Herrington & Sutcliffe, LLP, New York, NY (Rene Kathawala of counsel), for respondent.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 4, the father appeals from (1) an order of commitment of the Family Court, Richmond County (Gregory Gliedman, J.), dated September 10, 2020, and (2) an order of commitment of the same court dated October 8, 2020. The order of commitment dated September 10, 2020, committed the father to the custody of the New York City Department of Correction for a period of two months. The order of commitment dated October 8, 2020, committed the father to the custody of the New York City Department of Correction for a period of 60 days, and retained a purge amount that was set in an order of disposition of the same court dated March 16, 2020.
ORDERED that the orders of commitment are affirmed, without costs or disbursements.
Biagio Nerone (hereinafter the father) and Maria Martucci (hereinafter the mother) have a son. By order dated January 23, 2018, the father was directed to pay the sum of $400 weekly as child support (hereinafter the support order). By summons and petition dated October 22, 2019, the mother commenced the instant proceeding pursuant to Family Court Act article 4, alleging, inter alia, that the father had willfully violated the support order. 
Following a hearing, in an order of disposition dated March 16, 2020 (hereinafter the order of disposition), the Family Court adjudicated the father in willful contempt of the support order and directed that the father be remanded to jail for a period of two months unless he purged himself of contempt by the payment of the sum of $12,000 on or before June 26, 2020. The father appealed from the order of disposition.
In a decision and order dated March 31, 2021, this Court determined that the Family Court correctly found that the father had willfully violated the support order (see Matter of Martucci v Nerone, 192 AD3d 1107). However, this Court modified the order of disposition by, inter alia, deleting the provision thereof permitting the father to purge himself of his contempt by paying the mother the sum of $12,000, and substituting therefor a provision permitting the father to purge himself of his contempt by paying the mother the sum of $500 (see id.).
In the meantime, in an order of commitment dated September 10, 2020, the Family Court committed the father to the custody of the New York City Department of Correction for a [*2]period of two months. Further, in an order of commitment dated October 8, 2020, the court committed the father to the custody of the New York City Department of Correction for a period of 60 days, and specified "[t]he $12,000 purge amount remains in place." The father appeals from these two orders of commitment.
Initially, we note that in an order dated January 28, 2021, the Family Court stayed enforcement of so much of the orders of commitment as committed the father to the custody of the New York City Department of Correction, and adjourned this matter to May 3, 2021, stating that at that time it would "assess the propriety of lifting the stay." In a decision and order on motion dated March 19, 2021, this Court denied that branch of the mother's cross motion which was to dismiss the appeals on the ground that they had been rendered academic by the order of the Family Court dated January 28, 2021. Inasmuch as the record does not establish the current status of the stay as set forth in the order dated January 28, 2021, the appeals from so much of the orders of commitment as committed the father to the custody of the New York City Department of Correction are not academic.
"Where, as here, 'a willful violation of an order of support is found, the determination as to the appropriate sanction lies within the Family Court's discretion'" (Matter of Cameron v King, 160 AD3d 945, 947, quoting Matter of Sullivan v Kilkenny, 141 AD3d 533, 535; see Matter of Nickel v Nickel, 172 AD3d 1210, 1212). Pursuant to Family Court Act § 454(3)(a), the Family Court has the authority to "commit the respondent to jail for a term not to exceed six months." Under the circumstances herein, the court did not improvidently exercise its discretion in directing that the father be remanded to jail unless he purged himself of his contempt (see Matter of Sullivan v Kilkenny, 141 AD3d at 535; Matter of Rube v Tornheim, 82 AD3d 1246, 1246; Matter of Gorsky v Kessler, 79 AD3d 746, 747). Moreover, contrary to the father's contention, neither the existence of the COVID-19 pandemic nor his alleged health issues warrant reversal of the orders of commitment (see generally People ex rel. Ferro v Brann, 183 AD3d 758).
LASALLE, P.J., RIVERA, DUFFY and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Acting Clerk of the Court