Matter of Gioia v Gioia (2022 NY Slip Op 02543)

Matter of Gioia v Gioia

2022 NY Slip Op 02543

Decided on April 20, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 20, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
REINALDO E. RIVERA
CHERYL E. CHAMBERS
PAUL WOOTEN, JJ.

2021-05266
 (Docket No. F-12280-09)

[*1]In the Matter of Andra Gioia, respondent,
v
Angelo J. Gioia, appellant.

Gail Jacobs, Great Neck, NY, for appellant.

DECISION & ORDER
In a child support proceeding pursuant to Family Court Act article 4, the father appeals from an order of commitment of the Family Court, Nassau County (Danielle M. Peterson, J.), dated June 21, 2021. The order of commitment, in effect, confirmed an order of disposition of the same court (Lisa M. Williams, S.M.) dated May 17, 2021, made after a hearing, determining that the father willfully violated a prior order of child support, and committed him to the custody of the Nassau County Correctional Facility for a period of 90 days unless he paid the purge amount.
ORDERED that the order of commitment is affirmed, without costs or disbursements.
The mother commenced this proceeding against the father, alleging that he was in willful violation of a child support order. Following a hearing, the Support Magistrate found, inter alia, that the father had willfully failed to comply with his child support obligations and recommended that the father be incarcerated. Thereafter, in an order of commitment dated June 21, 2021, the Family Court, in effect, confirmed the Support Magistrate's determination and committed the father to the custody of the Nassau County Correctional Facility for a period of 90 days unless he paid the purge amount of $13,000. The father appeals.
"At a hearing pursuant to Family Court Act § 454 to determine whether a respondent has 'willfully failed to obey [a] lawful order of support,' the burden is on the petitioner to establish that the respondent willfully violated the terms of the [order] by failing to pay the required support" (Matter of Yuen v Sindhwani, 137 AD3d 1155, 1156, quoting Family Ct Act § 454[3]; see Matter of Duncan v Defreese, 193 AD3d 727, 728-729). The failure to pay child support constitutes prima facie evidence of a willful violation of an order of child support (see Family Ct Act § 454[3][a]; Matter of Ribeiro v Honorio, 190 AD3d 977, 978; Matter of Martin v Cooper, 96 AD3d 849, 851). This prima facie showing shifts the burden to the parent obligor to come forward with competent, credible evidence of his or her inability to make the payments as ordered (see Matter of Powers v Powers, 86 NY2d 63, 69-70; Matter of Ribeiro v Honorio, 190 AD3d at 978).
Here, the mother presented prima facie evidence of the father's failure to meet his child support obligations as set forth in the order of child support. In response, the father failed to offer competent, credible evidence of his inability to comply with the order of child support (see Matter of Duncan v Defreese, 193 AD3d at 729). In particular, the father failed to submit sufficient evidence to substantiate his contention that he was unable to contribute any portion of his social security disability benefits income toward child support in the approximately three-year period after [*2]he began receiving that income (see Matter of Powers v Powers, 86 NY2d at 70; Matter of Ferrer v Brown, 165 AD3d 929, 931; Matter of Stradford v Blake, 141 AD3d 725, 726).
"Furthermore, where, as here, a willful violation of an order of support is found, the determination as to the appropriate sanction lies within the Family Court's discretion" (Matter of Sullivan v Kilkenny, 141 AD3d 533, 535; see Matter of Martucci v Nerone, 198 AD3d 654, 655). Under the circumstances, the Family Court did not improvidently exercise its discretion in directing the father to serve a 90-day term of incarceration unless he paid the purge amount (see Family Ct Act § 454[3][a]; Matter of Martucci v Nerone, 198 AD3d at 655; Matter of Nickel v Nickel, 172 AD3d 1210, 1212; Matter of Cameron v King, 160 AD3d 945, 947; Matter of Sullivan v Kilkenny, 141 AD3d at 535).
Moreover, contrary to the father's contention, the record, viewed in totality, reveals that he received meaningful representation (see Matter of O'Brien v O'Brien, 185 AD3d 934, 935; Matter of Schad v Schad, 158 AD3d 705, 707; cf. Matter of Miller v DiPalma, 179 AD3d 696, 697).
IANNACCI, J.P., RIVERA, CHAMBERS and WOOTEN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court