Matter of Sweeney v Sweeney (2022 NY Slip Op 05536)

Matter of Sweeney v Sweeney

2022 NY Slip Op 05536

Decided on October 5, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 5, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
FRANCESCA E. CONNOLLY
LINDA CHRISTOPHER
BARRY E. WARHIT, JJ.

2021-03498
2021-03901
 (Docket No. F-3761-20)

[*1]In the Matter of Carlynn M. Sweeney, respondent, 
v
Patrick J. Sweeney, appellant.

Maria J. Frank, Yorktown Heights, NY, for appellant.
W. David Eddy, Jr., White Plains, NY, for respondent.

DECISION & ORDER
In a proceeding pursuant to Family Court Act article 4, the father appeals from (1) an order of the Family Court, Westchester County (Arlene E. Katz, J.), dated April 12, 2021, and (2) an order of commitment of the same court dated May 13, 2021. The order dated April 12, 2021, confirmed an order of disposition of the same court (Carol Ann Jordan, S.M.) dated March 2, 2021, made after a hearing, finding that the father willfully violated a prior order of child support, and directed that he be committed to the custody of the Westchester County Correctional Facility for a period of 90 days unless he paid a purge amount of $37,250. The order of commitment, in effect, also confirmed the order of disposition and committed the father to the Westchester County Correctional Facility for a period of 90 days or until he paid the purge amount of $37,250.
ORDERED that the appeals from so much of the order dated April 12, 2021, and the order of commitment as committed the father to the Westchester County Correctional Facility for a period of 90 days and set a purge amount of $37,250 are dismissed as academic, without costs or disbursements; and it is further,
ORDERED that the order dated April 12, 2021, and the order of commitment are affirmed insofar as reviewed, without costs or disbursements.
The mother and the father, who have three children together, divorced in 2020. The judgment of divorce directed the father to pay, inter alia, child support in the sum of $3,500 per month. In June 2020, the mother filed a violation petition alleging that the father willfully failed to comply with his child support obligations.
In an order dated March 2, 2021, made after a hearing, a Support Magistrate found that the father willfully failed to comply with his support obligations and recommended a period of 90 days incarceration unless he paid a purge amount of $37,250. In an order dated April 12, 2021, the Family Court confirmed the Support Magistrate's finding that the father willfully failed to comply with his child support obligations and directed that he be committed to the custody of the Westchester County Correctional Facility for a period of 90 days unless he paid the purge amount of $37,250. The court stayed the commitment until May 13, 2021. In an order of commitment dated May 13, 2021, the father was committed to the Westchester County Correctional Facility for a period of 90 days or until he paid the purge amount of $37,250. The father appeals.
As a threshold matter, the father's contention that the purge amount imposed by the Family Court was excessive is academic, since he is no longer incarcerated (see Matter of Detore v Detore, 173 AD3d 1181, 1182). In addition, the appeals from so much of the April 12, 2021 order and the order of commitment as directed that the father be committed to the Westchester County Correctional Facility for a period of 90 days unless he paid the purge amount must be dismissed as academic, as the period of incarceration has expired (see Matter of Tamborello v Tamborello, 181 AD3d 609, 610). However, the appeals from so much of the April 21, 2021 order and the order of commitment as confirmed the finding that the father was in willful violation of the child support order are not academic given the enduring consequences which could flow from that finding (see Matter of Sylvester v Goffe, 202 AD3d 970, 971).
Evidence of the father's failure to pay child support as ordered constituted prima facie evidence of a willful violation (see Family Ct Act § 454[3][a]; Matter of Powers v Powers, 86 NY2d 63, 69; Matter of Gillison v Gillison, 122 AD3d 926, 927; Matter of McMinn v Taylor, 118 AD3d 887, 888). This prima facie showing shifted the burden of proof to the father to offer competent, credible evidence of his inability to make the required payments (see Matter of Powers v Powers, 86 NY2d at 69; Matter of Pena v Chadee, 195 AD3d 1030, 1032). The father failed to satisfy this burden, as he did not present competent, credible evidence that he made reasonable efforts to obtain employment to meet his child support obligations (see Matter of McMinn v Taylor, 118 AD3d at 888; Matter of Seleznov v Pankratova, 57 AD3d 679, 681; Matter of Vasconcellos v Vasconcellos, 37 AD3d 613).
The father's remaining contentions are without merit.
DILLON, J.P., CONNOLLY, CHRISTOPHER and WARHIT, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court