Matter of O'Keeffe v O'Keeffe (2023 NY Slip Op 02006)

Matter of O'Keeffe v O'Keeffe

2023 NY Slip Op 02006

Decided on April 19, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 19, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
JOSEPH J. MALTESE
JOSEPH A. ZAYAS
JANICE A. TAYLOR, JJ.

2022-03014
2022-04911
 (Docket No. F-4859-12/21K)

[*1]In the Matter of Jane H. O'Keeffe, respondent,
v
Brice D. O'Keeffe, appellant.

N. Scott Banks, Hempstead, NY (Tammy Feman and Dori Cohen of counsel), for appellant.
Jane Hildreth O'Keeffe, named herein as Jane H. O'Keeffe, Garden City, NY, respondent pro se.

DECISION & ORDER
In a proceeding pursuant to Family Court Act article 4, the father appeals from (1) an order of commitment of the Family Court, Nassau County (Robin M. Kent, J.), dated March 17, 2022, and (2) an order of the same court dated March 22, 2022. The order of commitment, in effect, confirmed so much of an order of disposition of the same court (Lisa M. Williams, S.M.) dated January 18, 2022, made after a hearing, as found that the father willfully violated a prior order of child support, and committed the father to the Nassau County Correctional Facility for a period of 90 days unless he paid the purge amount of $15,000. The order, insofar as appealed from, denied the father's objections to so much of the order of disposition as found that he willfully violated a prior order of child support.
ORDERED that the order of commitment is affirmed, without costs or disbursements; and it is further,
ORDERED that the order is affirmed insofar as appealed from, without costs or disbursements.
The mother and the father divorced in 2018. In June 2019, the mother and the father executed a so-ordered stipulation, inter alia, directing the father to pay child support for the two unemancipated children of the marriage in the amount of $1,162 semimonthly. The so-ordered stipulation was incorporated into an order dated June 4, 2019 (hereinafter the support order).
In January 2021, the mother filed a petition to enforce the support order. After a hearing, in an order of disposition dated January 18, 2022, the Support Magistrate, inter alia, found that the father willfully failed to comply with his child support obligations and recommended a period of incarceration of 180 days unless he paid the purge amount of $22,690.41. In an order of commitment dated March 17, 2022, the Family Court, in effect, confirmed so much of the order of disposition as found that the father willfully failed to comply with his child support obligations, and committed the father to the Nassau County Correctional Facility for a period of 90 days unless he paid the purge amount of $15,000. In an order dated March 22, 2022, the court, among other things, denied the father's objections to so much of the order of disposition as found that he willfully failed to comply with his child support obligations. The father appeals from the order of commitment and the order dated March 22, 2022.
The evidence of the father's failure to pay child support as ordered, presented by the mother at the hearing, constituted prima facie evidence of a willful violation (see Family Ct Act § 454[3][a]; Matter of Powers v Powers, 86 NY2d 63, 69; Matter of Gillison v Gillison, 122 AD3d 926, 927; Matter of McMinn v Taylor, 118 AD3d 887, 888). This prima facie showing shifted the burden of proof to the father to offer competent, credible evidence of his inability to make the required payments (see Matter of Powers v Powers, 86 NY2d at 69; Matter of Pena v Chadee, 195 AD3d 1030, 1032). The father failed to satisfy this burden, as he did not present competent, credible evidence that he made reasonable efforts to obtain employment to meet his child support obligations (see Matter of Sweeney v Sweeney, 209 AD3d 659, 661; Matter of Gioia v Gioia, 204 AD3d 912, 913-914; Matter of Stein-Zimic v Zimic, 194 AD3d 823, 825; Matter of Duncan v Defreese, 193 AD3d 727, 727).
The father further contends that the Family Court improperly issued an order of commitment, since less drastic enforcement remedies were available, and that the purge amount set by the court was excessive. Where, as here, a willful violation of an order of support is found, the determination as to the appropriate sanction lies within the Family Court's discretion (see Matter of Gioia v Gioia, 204 AD3d 912, 914; Matter of Martucci v Nerone, 198 AD3d 654, 655). Under the circumstances of this case, the court did not improvidently exercise its discretion in issuing an order of commitment setting the period of confinement at 90 days and the purge amount at $15,000.
Accordingly, the Family Court properly confirmed the Support Magistrate's finding that the father willfully failed to comply with his child support obligations, and issued an appropriate order of commitment. Moreover, the court properly denied the father's objections to so much of the order of disposition as found that the father willfully violated a prior order of support (see Matter of Henry v Greenidge, 127 AD3d 1192, 1193).
CONNOLLY, J.P., MALTESE, ZAYAS and TAYLOR, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court