Matter of Gomezpacheco v Dedios-Santiago (2023 NY Slip Op 04990)

Matter of Gomezpacheco v Dedios-Santiago

2023 NY Slip Op 04990

Decided on October 4, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 4, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
BETSY BARROS
HELEN VOUTSINAS
LOURDES M. VENTURA, JJ.

2022-04524
 (Docket No. F-16194-19)

[*1]In the Matter of Piedad C. Gomezpacheco, respondent,
v
Mariano Dedios-Santiago, appellant.

Darla A. Filiberto, Islandia, NY, for appellant.

DECISION & ORDER
In a proceeding pursuant to Family Court Act article 4, the father appeals from an order of commitment of the Family Court, Suffolk County (Alfred C. Graf, J.), dated May 18, 2022. The order of commitment, in effect, confirmed an order of disposition of the same court (Kathryn L. Coward, S.M.) dated June 10, 2021, made after a hearing, finding that the father willfully violated a prior order of child support, and committed him to the custody of the Suffolk County Correctional Facility for a period of six months unless he paid the purge amount of $10,000.
ORDERED that the appeal from so much of the order of commitment as committed the father to the custody of the Suffolk County Correctional Facility for a period of six months is dismissed as academic, without costs or disbursements, as the period of incarceration has expired (see Matter of Stein-Zimic v Zimic, 194 AD3d 823); and it is further,
ORDERED that the order of commitment is affirmed insofar as reviewed, without costs or disbursements.
In this proceeding pursuant to Family Court Act article 4, the mother alleged that the father was in willful violation of an order of child support. Following a hearing, the Support Magistrate issued an order of disposition dated June 10, 2021, finding that the father's failure to comply with the order of child support was willful. In an order of commitment dated May 18, 2022, the Family Court, in effect, confirmed the Support Magistrate's order of disposition and committed the father to the custody of the Suffolk County Correctional Facility for a period of six months unless he paid the purge amount of $10,000. The father appeals from the order of commitment.
Although the appeal from so much of the order of commitment as committed the father to the custody of the Suffolk County Correctional Facility for a period of six months must be dismissed as academic, in light of the enduring consequences that could flow from the finding that the father willfully violated the order of child support, the appeal from so much of the order of commitment as, in effect, confirmed the finding that the father was in willful violation of the order of child support is not academic (see Matter of Stein-Zimic v Zimic, 194 AD3d 823, 824).
The evidence of the father's failure to pay child support as ordered, presented by the mother at the hearing, constituted prima facie evidence of a willful violation (see Family Ct Act § 454[3][a]; Matter of Powers v Powers, 86 NY2d 63, 69). This prima facie showing shifted the burden of proof to the father to offer competent, credible evidence of his inability to make the [*2]required payments (see Matter of Powers v Powers, 86 NY2d at 69; Matter of O'Keeffe v O'Keeffe, 215 AD3d 848, 850). The father failed to satisfy this burden, as he did not present competent, credible evidence that he made reasonable efforts to obtain employment to meet his child support obligations (see Matter of O'Keeffe v O'Keeffe, 215 AD3d at 850; Matter of Sweeney v Sweeney, 209 AD3d 659, 661).
Accordingly, the Family Court properly, in effect, confirmed the Support Magistrate's finding that the father was in willful violation of the order of child support.
LASALLE, P.J., BARROS, VOUTSINAS and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court