Matter of Malpeso v Cioffi (2024 NY Slip Op 01178)

Matter of Malpeso v Cioffi

2024 NY Slip Op 01178

Decided on March 6, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 6, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
CHERYL E. CHAMBERS
PAUL WOOTEN
LILLIAN WAN, JJ.

2022-09769
 (Docket No. F-3474-04/22M)

[*1]In the Matter of Doreen Malpeso, appellant- respondent, 
v
Pasquale Cioffi, respondent-appellant.

Carolyn M. Halk, Staten Island, NY, for appellant-respondent.
Tennille M. Tatum-Evans, New York, NY, for respondent-appellant.

DECISION & ORDER
In a proceeding pursuant to Family Court Act article 4, the mother appeals, and the father cross-appeals, from stated portions of an order of the Family Court, Richmond County (Janet L. McFarland, J.), dated October 26, 2022. The order, insofar as appealed from, inter alia, in effect, denied that branch of the mother's motion which was to incarcerate the father and granted that branch of the mother's motion which was to set a purge amount to the extent of directing the father to pay child support arrears in the sum of only $11,000. The order, insofar as cross-appealed from, in effect, confirmed an order of the same court (Marjorie R. Steinberg, S.M.) dated June 3, 2022, finding that the father willfully violated a prior order of child support.
ORDERED that the order is affirmed insofar as appealed from and cross-appealed from, without costs or disbursements.
The mother and the father have one child in common. In September 2004, the Family Court granted the mother custody of the child. In an order dated July 19, 2019 (hereinafter the July 2019 order), entered on consent, the Support Magistrate determined that the father failed to obey a prior order of child support dated February 7, 2005, that such failure was willful, directed the entry of a judgment in favor of the mother and against the father in the principal sum of $100,000, and directed that the father pay certain child support arrears to the mother. In an order dated November 22, 2019 (hereinafter the November 2019 order), entered on consent, the July 2019 order was amended to reflect that the principal sum of arrears due and owing to the mother totaled $128,117, and that, in addition to the child support payments due under the February 7, 2005 order, the father was obligated to pay "an additional $100.00 per week toward the arrears," plus "$4,038.25 quarterly beginning on or before March 31, 2020 for six (6) years until all arrears are satisfied." The July 2019 order was otherwise continued.
In March 2022, the mother filed a petition for violation of a prior order of child support. By order dated June 3, 2022, after a hearing, the Support Magistrate determined in a proceeding under Family Court Docket No. F-03474-04/22K (hereinafter the "K" proceeding), inter alia, in effect, that the father wilfully failed to obey the prior order of support and directed that the November 2019 order be continued.
In July 2022, the mother filed an order to show cause and a petition under Family [*2]Court Docket No. F-03474-04/22M (hereinafter the "M" proceeding), requesting that the father be incarcerated due to his willful violation of the July 2019 and November 2019 orders and that the father's release from incarceration be conditioned upon his payment of $30,482.50. In support of the motion, the mother averred that as of June 30, 2022, the father had failed to make 10 quarterly payments totaling $40,382.50, less credits totaling $9,900. On September 22, 2022, the mother's attorney submitted an affidavit of supplemental arrears totaling $4,038.25 that was due in September 2022.
On October 26, 2022, the mother and the father appeared before the Family Court on both the "K" and "M" proceedings. During the appearance, the court indicated that under the "K" proceeding, it intended to confirm the findings of fact of the Support Magistrate dated June 3, 2022, and to set a purge amount on the arrears under those findings of fact of $1,500. Similarly, under the "M" proceeding, the court, inter alia, indicated that it intended to confirm the Support Magistrate's findings of fact and to set a purge amount of $11,000.
By order dated October 26, 2022, entered on the "M" proceeding, the Family Court confirmed the Support Magistrate's determination dated June 3, 2022, and, inter alia, in effect, denied that branch of the mother's motion which was to incarcerate the father, and granted that branch of the mother's motion which was to set a purge amount to the extent of directing the father to pay child support arrears in the sum of only $11,000. The mother appeals, and the father cross-appeals.
Contrary to the mother's contention, the Family Court did not abuse its discretion in issuing the order appealed from. Initially, under the circumstances, the court did not act in violation of the standards of judicial conduct. Additionally, although Family Court Act § 454(4) provides that "[t]he court shall not deny any request for relief pursuant to this section unless the facts and circumstances constituting the reasons for its determination are set forth in a written memorandum of decision," here, under the totality of the circumstances, "[a]ny purported failure [of the Family Court] to specifically address the mother's requests does not amount to a statutory violation requiring remand for further proceedings" (Matter of Santman v Schonfeldt, 206 AD3d 812, 813; see Matter of Sylvester v Goffe, 177 AD3d 978, 979). Moreover, "[w]here, as here, a willful violation of an order of support is found, the determination as to the appropriate sanction lies within the Family Court's discretion" (Matter of O'Keeffe v O'Keeffe, 215 AD3d 848, 850; see Matter of Gioia v Gioia, 204 AD3d 912, 914).
However, as correctly contended by the mother, the order appealed from does not indicate that the Family Court considered her application for supplemental arrears. As such, the mother's application for supplemental arrears remains pending and undecided.
The father's contention in support of his cross-appeal is not properly before this Court and, in any event, is without merit.
BARROS, J.P., CHAMBERS, WOOTEN and WAN, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court