Matter of Madden v Budhoo (2024 NY Slip Op 06345)

Matter of Madden v Budhoo

2024 NY Slip Op 06345

Decided on December 18, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 18, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
LARA J. GENOVESI
JANICE A. TAYLOR
DONNA-MARIE E. GOLIA, JJ.

2024-00037
 (Docket No. F-20903-05)

[*1]In the Matter of Margaret Madden, appellant,
v
Mario Budhoo, respondent.

Margaret Madden, appellant pro se.

DECISION & ORDER
In a proceeding pursuant to Family Court Act article 4, the mother appeals from an order of commitment of the Family Court, Suffolk County (Alfred C. Graf, J.), dated December 14, 2023. The order of commitment, upon so much of an order of disposition of the same court (Aletha V. Fields, S.M.) dated May 19, 2023, as, upon findings of fact, also dated May 19, 2023, made after a hearing, finding that the father willfully violated an order of child support dated August 26, 2022, two money judgments, both dated August 4, 2015, and a money judgment dated November 19, 2008, and upon an order of the same court (Alfred C. Graf, J.) dated May 19, 2023, confirming the Support Magistrate's finding of willfulness, committed the father to the Suffolk County Correctional Facility for a period of only six months unless he paid a purge amount of only $20,000.
ORDERED that the order of commitment is affirmed, without costs or disbursements.
The parties are the divorced parents of a son, born in December 2004. In an order of child support dated August 26, 2022, the father was directed to pay to the mother the sum of $1,131 per month. In January 2023, the mother commenced this proceeding pursuant to Family Court Act article 4. In an order of disposition dated May 19, 2023, upon findings of fact, also dated May 19, 2023, made after a hearing, a Support Magistrate, inter alia, determined that the father willfully failed to pay child support to the mother in violation of (1) the August 26, 2022 order of child support, (2) a money judgment dated August 4, 2015, in the sum of $47,320.50 for child care expenses arrears, (3) a money judgment dated August 4, 2015, in the sum of $34,446.84 for child support arrears, and (4) a money judgment dated November 19, 2008, in the sum of $2,500. The Support Magistrate, among other things, recommended that the father be incarcerated for six months on each of the violations, with all periods of commitment to run consecutively, and referred the matter to the Family Court to confirm the finding of willfulness. In an order dated May 19, 2023 (hereinafter the confirmation order), the court stated that it "confirmed" the finding of willfulness made by the Support Magistrate, but erroneously stated that the order of disposition was dated August 26, 2022. In an order of commitment dated December 14, 2023, the court, upon the order of disposition and the confirmation order, committed the father to the Suffolk County Correctional Facility for a period of six months unless he paid a purge amount of $20,000. The father paid the purge amount. The mother appeals.
Part 205 of the Uniform Rules for the Family Court (hereinafter the Uniform Rules) provides: "In a case heard by a support magistrate, a Family Court judge may confirm the findings of the support magistrate by adopting his or her findings and recommendations in whole or in part. [*2]Alternatively, the Family Court judge may modify or refuse to confirm the findings and recommendations and may refer the matter back to the support magistrate for further proceedings. The court may, if necessary, conduct an evidentiary hearing" (22 NYCRR 205.43[i]). Here, the court complied with the Uniform Rules for confirmation of a support magistrate's order (see id.; Family Court Act § 454[3][a]; cf. generally Matter of Commissioner of Social Servs. v Dockery, 96 AD3d 1119). Under the circumstances of this case, the court did not improvidently exercise its discretion in setting a purge amount in the sum of $20,000 (see Matter of Sullivan v Kilkenny, 141 AD3d 533, 535).
The mother's remaining contentions are without merit.
BARROS, J.P., GENOVESI, TAYLOR and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court