Matter of Sylvestre v Burgess (2025 NY Slip Op 00968)

Matter of Sylvestre v Burgess

2025 NY Slip Op 00968

Decided on February 19, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 19, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
CHERYL E. CHAMBERS
JANICE A. TAYLOR
CARL J. LANDICINO, JJ.

2023-11034
 (Docket No. F-15201-18/22D)

[*1]In the Matter of Ronald Sylvestre, Jr., appellant,
v
Amanda A. Burgess, respondent.

Ronald Sylvestre, Jr., Brooklyn, NY, appellant pro se.
Lewis S. Calderon, Jamaica, NY, for respondent.

DECISION & ORDER
In a proceeding pursuant to Family Court Act article 4, the father appeals from an order of the Family Court, Kings County (Alan Beckoff, J.), dated November 2, 2023. The order, insofar as appealed from, upon confirming so much of an order of disposition of the same court (Debra Katz Doogan, S.M.) dated August 18, 2023, made after a hearing, as found that the mother willfully violated a prior order of support, declined to impose sanctions for contempt, as recommended by the Support Magistrate, after determining that the mother had satisfied the recommended purge amount.
ORDERED that the order is affirmed insofar as appealed from, without costs or disbursements.
The parties are the parents of one child. In 2022, the father filed a petition, alleging that the mother willfully violated an order of child support. After a hearing, the Support Magistrate found, inter alia, that the mother willfully violated the order of child support and recommended that the mother be incarcerated for a period of up to three months if she did not satisfy a purge amount of $5,766.60. In an order dated November 2, 2023, the Family Court, among other things, found that the mother had satisfied the purge amount and declined to commit the mother to the custody of the New York City Department of Correction. The father appeals.
"Where . . . a willful violation of an order of support is found, the determination as to the appropriate sanction lies within the Family Court's discretion" (Matter of O'Keeffe v O'Keeffe, 215 AD3d 848, 850; see Matter of Malpeso v Cioffi, 225 AD3d 599, 601). Here, contrary to the father's contention, the record reflects that the mother made the required payments to satisfy the purge amount. Accordingly, the Family Court did not improvidently exercise its discretion in declining to commit the mother to the custody of the New York City Department of Correction or to impose other contempt sanctions against the mother (see Family Court Act § 454[3][a]; Matter of Malpeso v Cioffi, 225 AD3d at 601; Matter of Rube v Tornheim, 82 AD3d 1246).
The father's contention that the Support Magistrate and the Family Court were biased against him is unpreserved for appellate review (see Matter of George A.C., 223 AD3d 798, 800; Matter of Goundan v Goundan, 210 AD3d 1087, 1089).
LASALLE, P.J., CHAMBERS, TAYLOR and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court