Matter of Rezza v Gebron

2026 NY Slip Op 02119

April 8, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

In the Matter of Lori Rezza, respondent,

v

Joseph O. Gebron, appellant.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department

Decided on April 8, 2026

2024-06423, (Docket No. F-69-17/23F)

Angela G. Iannacci, J.P.

Deborah A. Dowling

Carl J. Landicino

Laurence L. Love, JJ.

Richard Cardinale, Brooklyn, NY, for appellant.

Lori Rezza, Brooklyn, NY, respondent pro se.

[*1]

DECISION & ORDER

In a proceeding pursuant to Family Court Act article 4, the father appeals from an order of the Family Court, Kings County (Marjorie R. Steinberg, J.), dated June 14, 2024. The order, insofar as appealed from, denied the father's objections to so much of an amended order of disposition of the same court (Gabriella F. Richman, S.M.) dated May 3, 2024, as, after a hearing, found that the father willfully violated a prior order of child support and a provision of a stipulation of settlement incorporated but not merged into the parties' judgment of divorce, and directed that he be placed on probation.

ORDERED that the order is affirmed insofar as appealed from, without costs or disbursements.

The parties are the parents of two children and were divorced by a judgment dated June 29, 2016, which incorporated but did not merge a stipulation of settlement dated May 4, 2016 (hereinafter the stipulation). Pursuant to the stipulation, the parties agreed to "divide equally the costs" of add-on expenses, including educational, medical, child-care, and other major expenses. In an order dated October 16, 2018 (hereinafter the child support order), the Family Court, upon the parties' consent, inter alia, directed the father to pay child support in the sum of $2,500 per month. All other provisions of the stipulation, including the division of add-on expenses, remained in effect.

In July 2023, the mother filed a petition alleging that the father willfully failed to make payments for child support and add-on expenses. After a hearing, in an amended order of disposition dated May 3, 2024, the Support Magistrate, among other things, found that the father willfully violated the child support order and the stipulation provision regarding add-on expenses, and directed that he be placed on probation. The father filed objections, inter alia, to those portions of the amended order of disposition. In an order dated June 14, 2024, the Family Court, among other things, denied those objections. The father appeals.

"At a hearing pursuant to Family Court Act § 454 to determine whether a respondent has willfully failed to obey [a] lawful order of support, the burden is on the petitioner to establish that the respondent willfully violated the terms of the [order] by failing to pay the required support" (Matter of Martinez v Lauretano, 240 AD3d 597, 598 [internal quotation marks omitted]; see Matter of Nestor v Nestor, 236 AD3d 794, 795). Evidence that the respondent failed to pay child support [*2]as ordered constitutes prima facie evidence of a willful violation (see Family Ct Act § 454[3][a]; Matter of Martinez v Lauretano, 240 AD3d at 598). "Once this showing has been made, the burden shifts to the respondent to present competent, credible evidence of his or her financial inability to comply" (Matter of Nestor v Nestor, 236 AD3d at 795 [internal quotation marks omitted]). "Great deference should be given to the credibility determinations of the Support Magistrate, who is in the best position to assess the credibility of the witnesses" (Matter of Martinez v Lauretano, 240 AD3d at 598-599).

Here, the father's failure to pay child support and add-on expenses as ordered constituted prima facie evidence of a willful violation, and the father failed to meet his burden of offering competent, credible evidence of his inability to make the required payments (see Matter of Pifferrer v Barrera, 236 AD3d 1044, 1045; Matter of Melendez v Osborne, 236 AD3d 658, 660).

"Furthermore, where, as here, a willful violation . . . is found, the determination as to the appropriate sanction lies within the Family Court's discretion" (see Matter of Gioia v Gioia, 204 AD3d 912, 914 [internal quotation marks omitted]). Contrary to the father's contention, placing him on probation was not an improvident exercise of discretion (see Family Ct Act § 454[3][c]; Matter of Greenwald v Greenwald, 172 AD3d 860, 861).

Accordingly, the Family Court properly denied the father's objections to so much of the amended order of disposition as found that he willfully violated the child support order and the stipulation provision regarding add-on expenses, and directed that he be placed on probation.

IANNACCI, J.P., DOWLING, LANDICINO and LOVE, JJ., concur.

ENTER:

Darrell M. Joseph

Clerk of the Court